PER CURIAM.
Plaintiff below, Safe-T-Lawn, Inc., appeals from an adverse final judgment rendered in favor of the appellee (defendant).
Safe-T-Lawn sued the defendant, Agricultural Engineering Association, on an open account for $2,638.81. Defendant answered and pleaded a set-off of $1,254.40. Defendant counterclaimed against Safe-T-Lawn for breach of an oral agreement in which Safe-T-Lawn allegedly agreed to reimburse the defendant for labor and travel costs it incurred in making certain repairs and replacements to the defective units which Safe-T-Lawn had supplied to the defendant. Safe-T-Lawn ultimately denied the set-off and allegations in the counterclaim. Safe-T-Lawn suffered an adverse final judgment on the counterclaim and has appealed.
The appellant’s sole point on appeal is directed towards the alleged error of the trial court in its rulings which permitted certain evidence to be introduced during the trial of the issues raised by the counterclaim.
Safe-T-Lawn, Inc. claims reversible error was committed by the admission, over objection, into evidence of certain summaries and testimony based thereon, since the summaries were made from other records of the defendant which were not produced or introduced into evidence.
The summaries and testimony established that the defendant had suffered dam *27 ages resulting from its repairs to 820 defective twist collars supplied by Safe-T-Lawn in the amount of $1,827.95. We do not find reversible error insofar as the admission of the testimony and summaries into evidence by the trial court. See § 92.36, Fla.Stat., F.S.A.
The evidence as to damages suffered by the defendant for its repairs and costs to the additional 1400 twist collars was based on testimony concerning the average amount of its repairs and costs for the 820 twist collars.
The evidence as to the damages suffered by defendant because of labor and costs on the remaining 1400 twist collars amounts to speculation and conjecture and is not sufficiently certain to stand. See Florida Ventilated Awning Co. v. Dickson, Fla. 1953, 67 So.2d 215; Kennedy & Ely Ins., Inc. v. American Employers’ Ins. Co., Fla. App.1965, 179 So.2d 248; and Berwick Corp. v. Kleinginna Investment Corp., Fla. App.1962, 143 So.2d 684.
Since the court had permitted the summaries and testimony concerning the first 820 twist collars into evidence, the appellee may have been misled concerning the sufficiency of the proof necessary to establish the damages suffered by it on the remaining 1400 twist collars.
The final judgment herein appealed is affirmed as to the damages proven as a result of the repairs and costs to the 820 defective twist collars and is reversed and remanded for a new trial as to the damages claimed for the remaining 1400 twist collars. The cause is remanded for a new trial as to the damages, if any, suffered by ap-pellee on the remaining 1400 twist collars.
We have considered the point raised by the cross-appeal and find it to be without merit.
Affirmed in part; reversed and remanded in part.