PER CURIAM.
This is a consolidated appeal from a “final judgment” and a “final judgment as to costs and attorney’s fees” in the same non-jury trial.
Appellee-plaintiff Buckley Development Co., Ltd. (“Buckley”) sued appellant-defendant Dade Linen and Furniture Co., d/b/a Monarch Contract Interiors (“Dade Linen”) for breach of a contract to furnish carpeting for Buckley’s new condominium. The contract was signed on March 13, 1968. In July or August, 1968, Dade Linen advised Buckley that there might be some problems in Dade Linen’s performing its contract. The exact words and substance of this communication were in conflict, but the trial court found an anticipatory repudiation. Late in August, 1968, Buckley wrote that he was terminating the instant contract for Dade Linen’s inability to perform, about three months before *563 Dade Linen’s performance was due to commence.
Buckley characterizes subsequent communications as attempts to help Dade Linen fulfill the obligations. Dade Linen asserts these communications show premature termination.
After August, 1968, Buckley attempted to “cover” at a reasonable price for comparable carpeting, by contracting with The W. P. Simpson Co. Pursuant to such contract, ten of seventeen floors were carpeted.
The trial court permitted Buckley to introduce into evidence a paper captioned “Recap” to establish his damages. Dade Linen contends that because Buckley did not introduce substantiating checks or invoices to show the actual cost of the carpeting, Buckley failed to prove how much it paid. Buckley insists that the “Recap” shows that the entire building’s carpeting, less certain common areas, cost more than $7,000 more than the original Buckley-Dade Linen contract.
Dade Linen’s points on appeal are: (1) that the trial court’s finding that the defendant Dade Linen repudiated its contract was not supported by sufficient competent evidence; (2) that the trial court’s award of damages to plaintiff was not supported by sufficient competent evidence of actual damages sustained.
We have carefully examined and considered the record, briefs and argument of counsel and have concluded that the trial court’s findings and holdings complained of are fully supported in law and fact and that no reversible error has been demonstrated. See Safe-T-Lawn, Inc. v. Agricultural Engineering Association, Fla.App. 1970, 235 So.2d 25, 26-27. We note also that a reviewing court will not upset findings of fact by the trial court sitting as the finder of the facts where such findings are based upon competent substantial evidence.
Therefore, the “final judgment” and the “final judgment as to costs and reasonable attorney’s fees” are affirmed.
Affirmed.