400 So.2d 846 (1981)
CF CHEMICALS, INC., Petitioner,
v.
FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, Unemployment Appeals Commission, and Charles L. Hall, Respondents.
No. 80-1711.
District Court of Appeal of Florida, Second District.
July 10, 1981.
*847 Peter W. Zinober, John P. McAdams and Stephen J. Powell, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for petitioner.
James R. Parks and Richard S. Cortese, Tallahassee, for respondents.
SCHEB, Chief Judge.
An appeals referee held that Charles L. Hall, an employee of petitioner CF Chemicals, Inc., was not entitled to unemployment compensation since petitioner properly discharged him for misconduct. The Unemployment Appeals Commission reversed. Pursuant to section 443.07(4), Florida Statutes (1979), petitioner seeks review of the Commission's action.
Petitioner employed Mr. Hall as a laborer on July 26, 1978. The collective bargaining contract with Hall's union stipulated that, if an employee was absent for three consecutive scheduled shifts without notice, the company could terminate him as a "voluntary quit." Hall was absent from three consecutive work shifts starting March 4, and so petitioner discharged him on March 7, after which he filed an application for unemployment compensation benefits. When the claims examiner declined to approve his application, he requested a hearing before an appeals referee. The appeals referee found that petitioner had properly terminated Hall's employment and affirmed the claims examiner's determination that petitioner discharged Hall for misconduct, thereby disqualifying him from receiving benefits under section 443.06, Florida Statutes (1979).
Petitioner challenges the Unemployment Appeals Commission's reversal of the appeals referee, contending that there was substantial competent evidence to support the factual findings of the referee. It points out that during the hearing before the appeals referee it introduced evidence of Hall's numerous absences and disciplinary layoffs. The referee reviewed these *848 events with Hall and listened to his comments concerning them. In addition, petitioner's personnel supervisor, Mr. Alumbaugh, offered into evidence an Employee Relations Analysis prepared by Mr. Cumbee, Hall's immediate supervisor. The form, dated March 4, 1980, included the following notation: "Hall did not show up for work today and we received no call that he would be absent." Hall, however, disputed its contents and testified that he telephoned Cumbee, his supervisor, to inform him that he would not report for work on March 4, the first day of the three-day absence which led immediately to his dismissal. Cumbee did not testify.
We think that the evidence set out above was sufficient to support the referee's findings. The Commission contends, however, that in finding Hall guilty of misconduct, the referee relied on the personnel document introduced by petitioner and that this document was hearsay. Therefore, it argues that the document was legally insufficient to support a finding that Hall's absence on March 4 was without notice to his employer. We disagree with these contentions.
Hearsay evidence is admissible for the purpose of supplementing or explaining other evidence in proceedings affecting substantial interests under section 120.57 of the Administrative Procedure Act, but it is not sufficient in itself to support a finding unless it would be admissible over objection in civil actions. McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977); § 120.58(1)(a), Fla. Stat. (1979); Fla. Admin. Code R. 38E-5.24(4)(d). Accordingly, the question becomes whether petitioner's records would fall within an exception to the hearsay rule.
The records of regularly conducted business activities are admissible as an exception to the hearsay rule. Section 90.803(6)(a), Florida Statutes (1979), states:
A memorandum, report, record, or data compilation in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of the business activity to make such memoranda, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the sources of information or other circumstances show lack of trustworthiness.
This section is applicable here. Alumbaugh, who offered the personnel document into evidence, was clearly its custodian, or otherwise responsible for it, since he was petitioner's personnel supervisor. His testimony also established that Hall's supervisor, Cumbee, filled out the form in the regular course of business, on March 4, 1980, and that such written attendance records were regularly completed and maintained to protect petitioner in the event an employee filed a grievance.
The foundation for the document might have been better laid. However, since the rules of procedure permit employee and employer alike to appear before an appeals referee without counsel, rigorous and technical adherence to those rules may not be exacted upon appeal if the court is satisfied on the entire record before it that the findings of the lower tribunal were correct.[1]Giddens v. Appeal Board of Michigan Employment Security Commission, 4 Mich. App. 526, 145 N.W.2d 294 (1966).
Having found that the evidence supported the referee's findings, we must reinstate his decision. Florida Department of Commerce v. Dietz, 349 So.2d 1226 (Fla. 2d DCA 1977). Accordingly, we reverse the decision of the Unemployment Appeals Commission.
HOBSON and RYDER, JJ., concur.
NOTES
[1] For the reasons outlined in the above discussion, we reject appellees' hearsay objections to the remaining evidence before the appeals referee.