445 So.2d 1062 (1984)
UNIVERSITY OF NORTH FLORIDA, Appellant,
v.
The UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. AR-37.
District Court of Appeal of Florida, First District.
February 13, 1984.
Cindy L. Anderson of Corbin & Dickinson, Jacksonville, for appellant.
Louisa E. Hargrett, Unemployment Appeals Com'n, Tallahassee, for appellee.
LARRY G. SMITH, Judge.
This is an appeal from an order of the Unemployment Appeals Commission affirming, without opinion, the appeals referee's decision that appellee was discharged, but not for misconduct connected with his work, see Section 443.036(24)(b), Florida Statutes (1981), and thus entitled to unemployment benefits. As grounds for reversal, appellant contends that the decision is based upon an erroneous application of the public records exception to the hearsay *1063 rule, Section 90.803(8), Florida Statutes (1981), and that there is substantial competent evidence demonstrating misconduct on appellee's part in the performance of his duties. We affirm.
The ostensible reason for appellee's discharge was that he allegedly made certain false statements and falsified records. Of course, he denied doing so. The University, for its part, presented no witness with firsthand knowledge of appellee's involvement or participation in the alleged "misconduct." It, however, did attempt to introduce through the testimony of the University's custodian of appellee's personnel file various documents relating to the firing under the public records exception to the hearsay rule, Section 90.803(8).
For this rule to apply, the document must either set forth the activities of an office or agency or must relate to "matters observed pursuant to [a] duty imposed by law as to matters which there was a duty to report," Sikes v. Seaboard Coast Line Railroad Company, 429 So.2d 1216, 1221 (Fla. 1st DCA 1983), and certain of these documents, such as the accounting records, may arguably fall within the former exception relating to the activities of an office or agency. However, as to the remaining documents we can find no duty imposed by statute or administrative rule that they be made or maintained. See Sikes, supra. Moreover, no predicate had been laid that the disputed memoranda were entered or made in the regular course of the University's business or that such materials were regularly completed and maintained. Compare CF Chemicals, Inc. v. Florida Department of Labor and Employment Security, 400 So.2d 846, 848 (Fla. 2nd DCA 1981).
Even assuming, however, that such documents were admissible, they still do not prove the misconduct required for a denial of unemployment benefits. The circumstances under which the initial two reprimands were issued do not appear in the record and are dissimilar to the incident for which appellee was discharged. Indeed, the charge upon which the memoranda concluding that appellee had falsified documents were based establishes only that two different persons allocated mail by two different methods, not that appellee actually engaged in falsification of those records. As such, the proof offered for appellee's alleged misconduct does not meet the high standard of showing "deliberate violations or disregard of standards of behavior," or "carelessness or negligence of such a degree or recurrence as to manifest culpability." Section 443.036(24)(a) and (b), Florida Statutes (1981).
AFFIRMED.
WENTWORTH and JOANOS, JJ., concur.