WENTWORTH, Judge.
Appellants seek review of an order granting summary judgment in favor of appellee. We find that a disputed issue of material fact precludes the entry of summary judgment, and we therefore reverse the order appealed.
Appellants are a Florida corporation, R & W Farm Equipment, and corporate officers who personally guaranteed an Agricultural Retail Finance Agreement by which appellee Fiat Credit contracted to finance farm equipment sold by R & W. Fiat filed a complaint alleging that R & W breached the Finance Agreement by declining to repurchase security instruments which R & W had failed to “file or record according to law” as required by the parties’ contract.[1] Appellants’ answer asserted that the various documents had been prepared by Fiat’s agent and that any failure to perfect Fiat’s interest was occa *409 sioned by the actions of this agent. Fiat responded by filing interrogatory answers in which appellants admitted that R & W’s own sales agent completed and recorded the various security documents. Fiat also submitted an affidavit suggesting that R & W had failed to perfect Fiat’s security interest by improperly filing the security documents in the wrong county.[2]
Fiat filed a motion for summary judgment, whereupon appellants presented an affidavit in opposition, stating that although R & W’s sales agent prepared the initial documents, incorrect finance information necessitated new documents which were prepared with the assistance of Fiat’s agent. The affidavit further stated that Fiat’s agent informed R & W that she would file the necessary documents to perfect Fiat’s security interest.
Despite the trial court’s apparent conclusion to the contrary, we find that the record presents a disputed issue of material fact as to whether Fiat assumed the responsibility to properly record the documents perfecting its security interest in the parties’ transaction. While a party generally may not oppose a motion for summary judgment by repudiating a prior admission, see e.g., Ellison v. Anderson, 74 So.2d 680 (Fla.1954), this rule applies “only in the absence of a credible explanation by the affiant as to the reason for the discrepancy....” Croft v. York, 244 So.2d 161 (Fla. 1st DCA 1971). In the present case the record is susceptible of interpretation to the effect that appellants’ interrogatory answers may have addressed only the preparation of the initial documents, whereas the subsequent affidavit avers circumstances relating to the redrafted documents. Insofar as the discrepancy in appellants’ position might thus be explained, the later affidavit is properly considered in determining whether a genuine issue of material fact exists so as to preclude summary judgment. Croft, supra. We find that the affidavit does present such an issue as to Fiat’s assumption of the responsibility for perfecting its security interest, and we therefore determine that the motion for summary judgment should not have been granted.
The order appealed is reversed and the cause remanded.
THOMPSON and WIGGINTON, JJ., concur.

. The Agricultural Retail Finance Agreement executed by the parties provides, in pertinent part, that:
... Dealer [R & W] warrants and agrees:

(b) Each Security Instrument constitutes a valid reservation of title to, or first lien upon, the goods for which it has been given, and has been filed or recorded according to law to preserve the priority of such reservation or lien against all parties. Alternately, Fiat Credit is to file, record, or register Security Instruments on behalf of Dealer and the law provides a period during which each Security Agreement must be filed, recorded or registered, in order to assure priority over other purchasers and creditors on the retail purchasers, Dealer will forward each Security Instrument in sufficient time that at least five days of such period remain in which Fiat Credit may file, record or register after it receives each Security Instrument.

4. Upon request by Fiat Credit, Dealer will repurchase from it for cash ...:
(a) any security instrument in which Dealer has breached any warranty or agreement with respect thereto contained in this Agreement

. The affidavit indicates that it was made by an agent of Fiat familiar with the "identity and method of preparation” with regard to the business records of R & W’s account, and that the contents of the affidavit were predicated upon 466 So.2d — 11 an examination of such records. The trial court was thus entitled to consider the affidavit pursuant to § 90.803(6)(a), Florida Statutes. See Safe-T-Lawn Inc. v. Agricultural Engineering Assoc., 235 So.2d 25 (Fla. 3d DCA 1970).