509 So.2d 1198 (1987)
DEPARTMENT OF GENERAL SERVICES, Appellant,
v.
Leroy ENGLISH, Jr. and Unemployment Appeals Commission, Appellees.
No. BN-417.
District Court of Appeal of Florida, First District.
June 26, 1987.
Sylvan Strickland, Office of Gen. Counsel, Tallahassee, for appellant.
Leroy English, Jr., in pro. per.
John D. Maher, Tallahassee, for Unemployment Appeals Comn.
BOOTH, Chief Judge.
The Department of General Services appeals from a final order of the Unemployment Appeals Commission (UAC). By that order, the UAC affirmed the reversal by an appeals referee of a determination by a claims examiner that English was disqualified from receiving unemployment benefits.
English, a former permanent career service employee, underwent inpatient treatment for alcoholism at a Gainesville hospital in 1983. In April 1985, a 30-day suspension resulted when English came to work intoxicated, insulting and harassing fellow employees. The employer subsequently arranged for, and English attended, a local detoxification program but never returned to Gainesville for treatment as scheduled.
The events which precipitated English's dismissal occurred over several days in July 1985. English showed up for work after calling in sick and proceeded to disrupt the work place. The next day, he was late to work without excuse, and he came to work on the third day with "alcohol on his breath." Following a disciplinary proceeding, English was notified of his dismissal "for problem drinking or alcoholism after treatment proved unsuccessful." Given the option of a Career Service Commission appeal of the dismissal or a grievance proceeding under his union's contract, English chose the latter; the dismissal was affirmed.
English thereafter applied for unemployment compensation benefits. Pursuant to Section 443.101, Florida Statutes (1985), a claimant for such benefits shall be disqualified from receiving them for the week in which he was discharged for "misconduct *1199 connected with his work" and for a certain number of weeks thereafter. Section 443.036(24), Florida Statutes (1985), provides:
MISCONDUCT.  "Misconduct" includes, but is not limited to, the following... .:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
In January 1986, the claims examiner appointed by the Division of Unemployment Compensation notified English that benefits were not payable because "discharge was for misconduct connected with work" within the above statute.
Pursuant to Section 443.151(4)(a), Florida Statutes (1985), English's appeal of this decision was heard by an appeals referee.
At the hearing on Mr. English's claim for unemployment compensation, there were no lawyers present. The appeals referee received the testimony of Mr. Fulcher, Chief of Personnel Management with the Department of General Services, who testified Mr. English was discharged because of alcoholism and failure to cooperate with treatment offered and that after appeal through the AFSCME contract, the discharge was sustained. Mr. Fulcher also brought with him the documentation which supported the discharge determination by the employer. Mr. Fulcher testified based on his personal knowledge of some of the events of July 25 involving Mr. English and as to information contained in his files, information used in connection with the discharge. Fulcher admittedly was not an eye witness to all the events leading to the discharge of Mr. English.
The testimony of Mr. Fulcher and the letters, reports, and statements of the various employees who had witnessed acts of drunkenness and disorderly conduct by Mr. English on the job were received into evidence by the appeals referee without objection.
The only other witness was Mr. English who denied drunkenness on the job and testified he had been unfairly discharged. Also part of the record is the claim for compensation which Mr. English filled out stating that he was fired for "alcoholism" and further, inter alia, that he had refused a breathalizer test on the job and had gone home on the date of the last incident.
Thereafter, the appeals referee entered an order reversing the claims examiner, ruling that the employer's evidence was hearsay and that there had been no showing that English's conduct amounted to misconduct connected with his employment. The order, is in pertinent part as follows:
It should be pointed out initially that no one with firsthand knowledge of the alleged act or incident that caused the claimant's discharge, appeared and testified on behalf of the employer. The claimant of course denied that any of the incident or events occurred. The referee is of the opinion that the claimant's testimony is credible and worthy of belief. It should be pointed out that a finding of fact in cases involving misconduct connected with work cannot be based on hearsay testimony alone. While the employer did introduce into the hearing a substantial amount of hearsay testimony, that is alleged reports and warnings given the claimant, the claimant denied substantially the allegation contained therein. Likewise, there is no showing whatsoever that the document submitted by the employer would be admissible under any of the recognized exceptions to the hearsay rule.
We have found no law which requires that the matter of discharge for misconduct on the job, as proved in this case, must be retried in the unemployment compensation case by the production of witnesses having firsthand knowledge of the incidents causing the discharge. The documentation furnished by the employer *1200 was admissible and should have been considered by the referee.
In CF Chemicals, Inc. v. Florida Department of Labor and Employment Security, 400 So.2d 846 (Fla. 2d DCA 1981), the court held that the evidence consisting of personnel attendance records was sufficient without the testimony of the employees who prepared it under the business records exception.[1] In that case, an employee was allegedly fired for missing time from his job with a private company. In denying his claim for unemployment compensation benefits, the referee heard the testimony of claimant's personnel supervisor and received into evidence a report prepared by the immediate supervisor who did not testify. Claimant testified and disputed the contents of the report. The court held that the evidence, though hearsay, was properly admitted as a record of regularly conducted business activities, stating:
Alumbaugh, who offered the personnel document into evidence, was clearly its custodian, or otherwise responsible for it, since he was petitioner's personnel supervisor. His testimony also established that Hall's supervisor, Cumbee, filled out the form in the regular course of business, on March 4, 1980, and that such written attendance records were regularly completed and maintained to protect petitioner in the event an employee filed a grievance.
The foundation for the document might have been better laid. However, since the rules of procedure permit employee and employer alike to appear before an appeals referee without counsel, rigorous and technical adherence to those rules may not be exacted upon appeal if the court is satisfied on the entire record before it that the findings of the lower tribunal were correct.
In the instant case, the records were submitted by the employer's personnel supervisor, who testified that the incidents of drunkenness on the job were the cause of English's discharge. However, the hearing examiner apparently did not take into account the appellant's evidence in reaching his decision because of his belief that it had been improperly admitted into evidence. Therefore, we must remand the cause for reconsideration, with directions that the Commission remand to the appeals referee for consideration all of the evidence of record here plus further pertinent evidence, if any, proffered by either side and thereafter for entry of an order fairly evaluating the evidence presented and setting forth the basis for his decision.
Accordingly, the order of the Commission is reversed with directions that the cause be remanded to the appeals referee for further proceedings consistent herewith.
THOMPSON, J., concurs.
MILLS, J., dissents with written opinion.
MILLS, Judge, dissenting.
I dissent.
While hearsay evidence may be used for the purpose of supplementing or explaining other evidence, it is not sufficient in itself to support a finding of fact unless it would be admissible over objection in civil actions. Rule 38E-5.024(3)(d), Florida Administrative Code; CF Chemicals, Inc. v. Florida Department of Labor and Employment Security, 400 So.2d 846, 848 (Fla. 2d DCA 1981).
Appellant does not dispute the hearsay character of the personnel documents on which the appeals referee declined to rely, but argues that they fall within the exception to the hearsay rule for records of regularly conducted business activity as defined in Section 90.803(6), Florida Statutes (1985):
A memorandum, report, record, or data compilation in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, *1201 if kept in the course of a regularly conducted business activity and if it was the regular practice of the business activity to make such memoranda, report, record, or date compilation, all as shown by the testimony of the custodian or other qualified witness... .
The majority agrees, citing CF Chemicals, supra.
However, the evidence in that case showed that the personnel record was "filled out in the regular course of business" and further, that it was "regularly completed and maintained." CF Chemicals at 848. There is no such evidence with regard to the disputed documents in the instant case.
I would therefore find that the appeals referee did not err in declining to rely on these documents to find misconduct, and affirm.
NOTES
[1] Compare University of North Florida v. Unemployment Appeals Commission, 445 So.2d 1062 (Fla. 1st DCA 1984).