523 So.2d 681 (1988)
Carl WRIGHT, Appellant,
v.
DEPARTMENT OF EDUCATION, DIVISION OF BLIND SERVICES, Appellee.
No. 87-770.
District Court of Appeal of Florida, First District.
March 23, 1988.
Rehearing Denied May 3, 1988.
Peter D. Ostreich, Governor's Com'n on Advocacy for Persons with Disabilities, Tallahassee, for appellant.
Carolyn S. Holifield, State Bd. of Educ., Tallahassee, for appellee.
SMITH, Chief Judge.
This is an appeal from the final order of the Department of Education, determining that appellant, Carl Wright, is not eligible for vocational rehabilitation services at this *682 time. Wright has raised only one point meriting discussion: That one of the hearing officer's critical findings of fact is based upon unsubstantiated hearsay. We affirm.
Wright, who is approximately 18 years old and legally blind, has been under the supervision of various agencies since he was young. Throughout his care and treatment, reports have been filed by counselors, social workers and doctors which are kept in his case file. At the hearing below, this file was introduced into evidence over a hearsay objection. Counsel for Wright affirmatively stated that he had no objection as to authenticity or relevance, with one minor exception not pertinent to this inquiry. Instead, counsel challenged only the accuracy of and weight to be given the reports. Further, Wright conceded that the Division of Blind Services (DBS) acted upon and relied on this information in its file in making its decision regarding his eligibility for vocational rehabilitation services. Upon consideration of counsel's concessions, we determine that the need for further inquiry into the authenticity of these reports was eliminated.
Several of the reports in the case file detail Wright's repeated and continuing behavioral problems through the years. These behavioral problems played a large part in DBS's determination that Wright was not a good candidate for vocational rehabilitation services at this time. Many of the reports detailing episodes of "acting out" were based on the personal knowledge of the preparers.
In his recommended order, the hearing officer found, among other things, that:
Petitioner has exhibited consistent and repeated behavioral problems for at least the past seven years beginning while he was at the Montanari School. He was an aggressive child, with the history of hitting classmates and running away. His behavior has been characterized as "acting out," and has included consistent violent outbursts and an inability to get along with others.
Wright complains that this finding was based on the hearsay reports in his case file. Citing section 120.58(1)(a), Florida Statutes (1985)[1], he maintains that these hearsay reports were insufficient to support the hearing officer's complained of finding of fact since these reports were not otherwise admissible in a civil action over objection. We disagree.
The reports of which Wright complains are admissible under the business records exception to the hearsay rule, section 90.803(6)(a), Florida Statutes (1985).[2]Department of General Services v. English, 509 So.2d 1198 (Fla. 1st DCA 1987); Ehrhardt, Florida Evidence, §§ 803.6 and 901.2 (2nd Ed. 1984). The program director for vocational rehabilitation and the social and rehabilitative services supervisor of DBS testified at length with regard to the information in the case file, the reports contained therein, and DBS's reliance thereon. Further, several other people testifying at the final hearing described the incidents of Wright's "acting out." Wright did not introduce any evidence of any kind that the reports detailing the episodes of "acting out" were inaccurate or that these episodes, in fact, did not occur. Accordingly, we find that the evidence supported the *683 hearing officer's challenged finding of fact, and that this finding and the other findings supported the conclusion reached that Wright is not eligible for vocational rehabilitative services at this time.
AFFIRMED.
ERVIN and NIMMONS, JJ., concur.
NOTES
[1] Section 120.58(1)(a) provides in pertinent part:

Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions... .
[2] Section 90.803(6)(a) provides:

(6) RECORDS OF REGULARLY CONDUCTED BUSINESS ACTIVITY. 
(a) A memorandum, report, record or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the sources of information or other circumstances show lack of trustworthiness. The term "business" as used in this paragraph includes a business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.