553 So.2d 274 (1989)
W.M., Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 88-2727.
District Court of Appeal of Florida, First District.
November 28, 1989.
Rehearing Denied January 8, 1990.
*275 Elizabeth L. White, William J. Sheppard and Cyra O'Daniel, of Sheppard and White, P.A., Jacksonville, for appellant.
R.S. Power, Asst. Gen. Counsel, Dept. of Health and Rehabilitative Services, for appellee.
ERVIN, Judge.
This is an appeal from an administrative order rendered by the Department of Health and Rehabilitative Services (HRS), denying appellant's request for expunction of a report that had been filed by HRS in its abuse registry and which indicated that appellant had abused a child by use of excessive corporal punishment. We affirm.
On December 15, 1980, an abuse report was made against the appellant herein, W.M., alleging that he had used excessive corporal punishment on one S.L., an eight-year-old child, enrolled at a private school where W.M. was employed. Pursuant to Section 827.07(13), Florida Statutes (1979),[1] HRS entered appellant's name in the abuse registry, investigated the allegations and classified the report as "indicated substantiated."
As a result of statutory amendments that had become effective as of July 1, 1985,[2] HRS initiated a search of its records *276 and located the substantiated indicated report filed against appellant. By letter dated August 4, 1986, HRS notified appellant that, because his report had been classified as "indicated substantiated," he was potentially disqualified from employment in a child care facility. Thereafter, appellant made timely application to HRS requesting expunction. HRS denied the request by letter dated September 30, 1986, stating that it had found no evidence that the record was inaccurate or maintained in a manner inconsistent with the law. Appellant then requested administrative review. Hearings initially scheduled were continued, due in part to HRS's motion asserting that recent amendments to the law had an impact on the case, thereby requiring additional time to review the new law and its application to the case.[3]
On November 13, 1987, approximately one month before the identifying material contained in the abuse registry could have been expunged under the former law, HRS, in accordance with the dictates of the 1987 amendments, sent appellant notice that the report implicating him had been reclassified from "indicated substantiated" to "confirmed."
The formal hearing was eventually held on June 28, 1988. HRS's first witness was S.L.'s grandmother, who testified that her grandson was injured on December 15, 1980, when he was enrolled at the school where appellant was employed; that she observed the injuries, which were red marks almost to the point of bleeding on both sides of S.L.'s buttocks; that S.L. was taken to the hospital; and that the bruises lasted for approximately one week. She also stated that S.L. had left Jacksonville in May 1988, was no longer living in Jacksonville, and that he could be in either Maine or California with his family.
HRS then sought to introduce the deposition of S.L. into evidence pursuant to Florida Rule of Civil Procedure 1.330(a)(3)(B), because the witness was outside the state. Appellant objected, stating that the deposition had not been taken for the purpose of perpetuating testimony and that the witness was voluntarily absenting himself from the jurisdiction. The deposition was in fact taken for discovery purposes by appellant's attorney on April 21, 1988. The hearing officer allowed the deposition into evidence. No objection was made regarding any statement contained in the deposition.
The hearing officer issued a recommended order on August 30, 1988, recommending denial of the motion for expunction, which was adopted in the final order rendered by HRS on September 22, 1988. Appellant raises three points on appeal, only two of which require discussion.
Appellant first contends that the hearing officer erred in admitting hearsay evidence in the form of S.L.'s deposition and in basing his findings solely upon that hearsay. Technically, S.L.'s deposition testimony is hearsay, because it is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." § 90.801(1)(c), Fla. Stat. (1987). And while hearsay is admissible in administrative proceedings, hearsay is not sufficient in itself to support a finding unless it would be admissible over objection in a civil proceeding. § 120.58(1)(a), *277 Fla. Stat. (1987); Fla. Admin. Code Rule 102.060(1); Juste v. Department of Health & Rehab. Servs., 520 So.2d 69 (Fla. 1st DCA 1988); Harris v. Game & Fresh Water Fish Comm'n, 495 So.2d 806 (Fla. 1st DCA 1986).
Although appellant contends that the deposition could not be admitted without a showing that S.L. was "unavailable" within the meaning of Section 90.804(1), Florida Statutes (1987),[4] the deposition was clearly admissible, because the circumstances fell within the ambit of Rule 1.330(a)(3)(B) of the Florida Rules of Civil Procedure.[5]See Dinter v. Brewer, 420 So.2d 932, 934 (Fla. 3d DCA 1982) (the rules of evidence expand the admissibility of depositions taken in an action, but do not limit admissibility established under the rules of civil procedure) (quoting J. Moore & H. Bendix, 4A Moore's Federal Practice, Paragraph 32.02 (1976)). See also Johns-Manville Sales Corp. v. Janssens, 463 So.2d 242, 259 (Fla. 1st DCA 1984) ("The procedural rule and the evidentiary rule must be considered in conjunction; and when the offered deposition testimony meets the requirements of either, it is admissible."), review denied, 467 So.2d 999 (Fla. 1985), limited on other grounds, Chrysler Corp. v. Wolmer, 499 So.2d 823 (Fla. 1986); 6C Fla. Stat. Ann. 260 (1979) (1976 Law Revision Council Note to § 90.802); 28 U.S.C.A.Fed.R.Civ.P. 32 (1970 amendment to advisory committee notes). To summarize, because the deposition was admissible under Rule 1.330, the hearing officer did not err in admitting it or relying on its contents to support his findings.
The second issue appellant raised is whether the reclassification of the report from "indicated substantiated" to "confirmed," which now subjected appellant to potential disqualification from working with children, violates the ex post facto doctrine,[6] because the reclassification imposes a greater sanction than was permitted when the alleged abuse occurred. Appellant contends that, because he could be labeled a child abuser and thereby be disqualified from his profession, section 415.504 is penal in nature and therefore falls within the ambit of the ex post facto doctrine. See, e.g., State ex rel. Vining v. Florida Real Estate Comm'n, 281 So.2d 487 (Fla. 1973); School Bd. of Pinellas County v. Noble, 384 So.2d 205 (Fla. 1st DCA), review denied, 389 So.2d 1114 (Fla. 1980); Lester v. Department of Professional & Occupational Regs., State Bd. of Medical Examiners, 348 So.2d 923 (Fla. 1st DCA 1977). However, not all statutes that contain a penal provision or have penal effect are "penal statutes." See, e.g., United States v. Donofrio, 450 F.2d 1054 (5th Cir.1971) (statute punishing felon for possessing firearm); DeBock v. State, 512 So.2d 164 (Fla. 1987), cert. denied, 484 U.S. 1025, 108 S.Ct. 748, 98 L.Ed.2d 761 (1988) (bar discipline); Board of Pub. Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969) (Sunshine Law which contains misdemeanor provision).
*278 For the following reasons, we conclude that section 415.504 is not a penal statute that is subject to the ex post facto doctrine. First, section 415.504 does not impose criminal sanctions. Second, the statute is not penal, i.e., one that is designed to punish the violator. Rather, the intent of sections 415.502-.514 is to provide comprehensive protective services by requiring reports to be filed with HRS for the purpose of protecting children whose health and welfare are adversely affected and threatened by the conduct of those responsible for their care and protection. § 415.501, Fla. Stat. (1987). Finally, although section 415.504(4)(d)3b refers to employment disqualification, section 415.504 as a whole is directed to the maintenance of accurate information in the abuse registry, not license revocation, which would be instituted under Chapter 402, Florida Statutes.[7] Thus, while section 415.504 may arguably have a "penal effect," we nonetheless find no ex post facto violation by the application of section 415.504 to appellant's case, because the statute was not designed to punish its violators, and because it has a legitimate purpose in protecting children from abuse.
AFFIRMED.
SHIVERS, C.J., and JOANOS, J., concur.
NOTES
[1] Section 827.07(13)(a)-(c), now contained in chapter 415 primarily as section 415.504(4)(a), authorized HRS to maintain a central abuse registry to receive reports concerning known or suspected child abuse or neglect. Upon receiving a report, HRS was directed to investigate the matter and, after completing such investigation, to classify the report as either "indicated" or "unfounded." If the report was classified "unfounded," all identifying information contained in the abuse registry was required to be expunged immediately; however, if the report was classified "indicated," the identifying information would not be expunged until seven years after the date of the last indicated report concerning the perpetrator.
[2] In 1985 certain amendments were made to laws concerning the abuse registry and licensing provisions for child care facilities. Particularly, section 415.51 was amended, directing HRS to search its abuse records for the existence of substantiated indicated reports and relate the existence of those reports to the authorized licensing agency. § 415.51(4), Fla. Stat. (1985). Another amendment required expunction of identifying information in unfounded reports to be done within 30 days, however, it failed to specify any time provision for expunction of such information for indicated cases. § 415.504(4)(c), Fla. Stat. (1985). Finally, section 402.305, regarding licensing standards for child care facilities, was amended to allow disqualification of any child care personnel against whom a substantially indicated report of abuse had been filed. § 402.305(1)(a), Fla. Stat. (1985).
[3] Section 415.504(4)(c), Florida Statutes (1987), was amended to include a new classification of "confirmed" reports, in addition to "indicated" and "unfounded" reports. A "confirmed" report is one in which abuse or neglect has been found and the perpetrator identified. § 415.503(5), Fla. Stat. (1987). The amendments directed HRS to search the abuse registry for indicated reports filed prior to July 1, 1987, and review such reports to determine whether they should be reclassified. If the report was reclassified as "confirmed," the perpetrator could be disqualified from working with children, however, if the report continued to be classified as "indicated," no disqualification applied. § 415.51(4), Fla. Stat. (1987). Any alleged perpetrator of a confirmed report could request expunction of identifying information in the abuse registry on the grounds that the record was inaccurate or was being maintained in a manner inconsistent with sections 415.501-.514. § 415.504(4)(d)2, Fla. Stat. (1987). Expunction in unfounded cases was required within one year and within seven years for indicated reports. § 415.504(4)(c), Fla. Stat. (1987).
[4] Under section 90.804(1), "unavailability" means that the declarant is exempted on the ground of privilege from testifying; persists in refusing to testify; suffered a lack of memory; is unable to be present or to testify because of death, illness or infirmity; or is absent from the hearing, and the proponent of his statement has been unable to procure his attendance or testimony by process or other means.
[5] Rule 1.330 provides:

(a) Use of Depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding any part or all of a deposition may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice of it so far as admissible under the rules of evidence applied as though the witness were then present and testifying in accordance with any of the following provisions:
* * * * * *
(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: ... (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the State, unless it appears that the absence of the witness was procured by the party offering the deposition... .
(Emphasis added.)
[6] A constitutionally forbidden ex post facto law is one which imposes upon a defendant liability for an act which was not criminal at the time it occurred, or which imposes a greater punishment than that required at the time the act occurred. Glover v. State, 474 So.2d 886, 894 (Fla. 1st DCA 1985).
[7] Appellant was in fact exempted from disqualification from employment concerning children by letter dated November 9, 1988.