558 So.2d 87 (1990)
James L. DORAN, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 89-1098.
District Court of Appeal of Florida, First District.
February 28, 1990.
Rehearing Denied April 4, 1990.
John E. Dubrule of Gulfcoast Legal Services, Inc., Bradenton, for appellant.
Jack Emory Farley, Tampa, for appellee.
ALLEN, Judge.
James L. Doran (Doran) appeals from an order of the Office of Public Assistance Appeal Hearings which found him *88 disqualified to continue to receive Medicaid Institutional Care Services Program (ICP) benefits due to his ownership of assets in excess of program limits. He contends that the order was not supported by competent, substantial evidence. Because an essential finding of fact supporting the order was based exclusively upon hearsay evidence, we agree and reverse.
Doran began to receive ICP benefits in January of 1988. In November of 1988 he was notified by the Department of Health and Rehabilitative Services (the department) that his benefits would be terminated the following month due to the department's belief that he held assets in excess of the $1900 limitation for program eligibility. He appealed to the Office of Public Assistance Appeal Hearings and a hearing was held on February 23, 1989. The only witness to testify in behalf of the department was a department employee who presented documents, which she had received through the mail, as evidence that Doran was ineligible for ICP benefits. The unsworn documents had purportedly been provided by the customer service department of the Household Bank, FSB of Baltimore, Maryland. The documents indicated that Doran had funds on deposit with the bank totaling $2500 in February of 1987, and $2389.32 in October of 1988. No other evidence of his ineligibility was presented. The hearing officer found the documents sufficient to support the department's termination of benefits, and entered a final order affirming the department's action.
The dispositive issue is whether there was competent, substantial evidence to support the hearing officer's final order. We find that there was not. Section 120.58(1)(a), Florida Statutes (1987), which relates to evidence presented in agency proceedings, provides in pertinent part as follows:
Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions.
The documents presented before the hearing officer were hearsay and did not come within any recognized exception which would have made them admissible in a civil action. The business records exception of Section 90.803(6), Florida Statutes (1987), was inapplicable, despite the department's arguments to the contrary, because the documents were not offered through the testimony of the bank's records custodian or other qualified witness. Because the only evidence presented by the department to show that Doran held assets in excess of the eligibility requirements for receiving ICP benefits consisted of uncorroborated hearsay evidence, we must reverse the hearing officer's final order. See Juste v. Department of Health & Rehab. Servs., 520 So.2d 69 (Fla. 1st DCA 1988), and Harris v. Game and Fresh Water Fish Comm'n, 495 So.2d 806 (Fla. 1st DCA 1986).
Accordingly, the hearing officer's decision is reversed.
BOOTH and JOANOS, JJ., concur.