KAHN, Judge.
Sylvia Robinson appeals an order of the Department of Health and Rehabilitative Services, Office of Public Assistance Appeal Hearings which affirmed the Department of Health and Rehabilitative Services’ (HRS) denial of her application for food stamp benefits. Robinson contends that she provided HRS with reasonable documentary evidence to resolve the discrepancy in household composition and further that the final order of the hearing officer is not supported by competent substantial evidence. We agree and reverse.
On August 23, 1990, Robinson applied for food stamp benefits for herself and her household, which consisted of six children and two grandchildren. After an interview with a HRS worker, her case was referred to the Department of Public Assistance Fraud (DPAF) because a shelter verification form appeared to have been altered. After an investigation, a DPAF report indicated that Levie Ivy, Robinson’s former husband, resided in the household and four other household members did not reside with Robinson. HRS sent Robinson a Decision Pending/Request for Verification form which notified her of the DPAF report and requested that she submit a Supplemental Information Form and other information pertaining to Ivy’s income and citizenship. Robinson did not submit any information regarding her former husband but submitted A Supplemental Information Form and a letter from her mother which confirmed the household size on her original application. On October 10, 1990, HRS denied Robinson’s application for food stamps stating “eligibility] requirements not met — we didn’t receive pended information on HH [household] size and Mr. Ivy’s pended information.” Robinson appealed this denial to the Office of Public Assistance Appeal Hearings, and a hearing was held on November 15, 1990.
At the hearing, Robinson presented the testimony of Ivy, two friends, and herself which indicated that Ivy did not live with Robinson and was not a member of her household. The only evidence submitted by HRS to prove that Ivy was a member of the household and some of the alleged household members did not reside with Robinson was the DPAF report. HRS put nothing into the record to indicate the source of the DPAF information or to verify its reliability. The hearing officer de *1266 nied Robinson’s appeal on the basis that she had not adequately proved her household composition.
The DPAF report is not competent substantial evidence to refute the testimony of Robinson and the other witnesses that Ivy did not reside in Robinson’s household. See Doran v. Dept. of Health and Rehabilitative Services, 558 So.2d 87 (Fla. 1st DCA 1990), and Johnson v. Dept. of Health and Rehabilitative Services, 546 So.2d 741 (Fla. 1st DCA 1989). Because HRS failed to produce such evidence and has not requested an opportunity to do so, we reverse with directions to award Ms. Robinson the benefits she seeks.
SMITH and WIGGINTON, JJ„ concur.