WENTWORTH, Senior Judge.
Jean Kaye appeals the final order of-the Office of Public Assistance Appeal Hearings affirming the termination of Kaye’s receipt of home and community-based services (HCBS) under the state Medicaid Plan. She argues that the hearing officer’s finding that she no longer met the level-of-care requirement for eligibility is not based on competent and substantial evidence. We agree and, for the following reasons, reverse.
The HCBS Medicaid program is administered by the Department of Health and Rehabilitative Services, and is available to certain elderly and disabled persons as an alternative to nursing home care. See Fla.Admin.Code R. 59G-8.200. In order to qualify for the program, the applicant must meet certain financial requirements and a medically-determined level-of-care need. The latter determination is made by the Comprehensive Assessment and Review for Long Term Care Services unit (CARES unit) of the Florida State Department of Elderly Affairs. A CARES unit physician makes the level-of-care decision in part by reviewing an assessment performed by a CARES unit employee *299 and a physician referral form usually completed by the applicant’s treating physician. The CARES unit physician, alone, makes the level-of-care designation. Should the applicant be accepted into the program, an. annual reassessment is conducted “to review service goals and functional changes which warrant modification to the service plan and level-of-care determination.” See Fla.Admin.Code R. 59G-8.200(4)(b)5.
In the instant case, Kaye was approved for HCBS benefits in August 1992 based on an assessed need for the intermediate level of care. See Fla.Admin.Code R. 59G-4.180. However, as the result of the June 1994 annual reassessment, Dr. Goodfriend, the CARES unit physician, determined that Kaye no longer met the requisite level-of-care need. Based on Dr. Goodfriend’s determination, the Department terminated Kaye’s receipt of benefits.
Kaye appealed the decision to the Office of Public Assistance Appeal Hearings. At the hearing, several witnesses testified before the hearing officer and the report of Dr. Goodfriend was admitted. Dr. Goodfriend did not testify, and it was revealed by the CARES unit employee who conducted the reassessment review that Dr. Goodfriend was the only individual to make the level-of-care determination in Kaye’s ease. This he did by reviewing the reassessment form and her referring physician’s original 1992 -report (which indicated that Kaye would benefit by receipt of the care). The CARES unit employee admitted that he did not make any determination as to level-of-care need. Based on the evidence presented, the hearing officer found that Kaye did not meet the requisite level-of-care need and that her benefits were correctly terminated.
It is not disputed that Dr. Good-friend’s report was hearsay. However, while hearsay is admissible in administrative hearings to supplement or explain other evidence, it is insufficient in itself to support a finding. Juste v. Department of Health and Rehabilitative Services, 520 So.2d 69 (Fla. 1st DCA 1988). Our review of the record convinces us that the ultimate finding of the hearing officer that Kaye no longer met the requisite level-of-care need was based solely on the hearsay report of Dr. Goodfriend and was unsupported by any other competent and substantial evidence. It is significant that the report did not supplement or explain other evidence; rather, it was the sole evidence presented on the ultimate issue of the requisite level-of-care need. Thus, it was not competent evidence upon which the hearing officer could predicate his findings. As the other non-hearsay evidence merely tended to explain Dr. Goodfriend’s report without independently corroborating it, that evidence could not alone legally support the hearing officer’s findings. Consequently, we are constrained to reverse the final order and remand with instructions that Kaye’s benefits be reinstated.
ALLEN and DAVIS, JJ., concur.