POLSTON, J.
Appellee Florida Unemployment Appeals Commission denied the unemployment benefits claim filed by appellant GTO, Inc.’s terminated employee, claimant-appellee Guillermina E. Medina. On appeal, the parties appeared telephonically at a hearing without counsel. After the hearing, the appeals referee reversed the Commission’s initial determination and awarded benefits to the claimant. The Commission affirmed the referee’s decision and GTO appealed. We reverse and remand for a new hearing because of an improper evidentiary ruling by the appeals referee.
The claimant worked for GTO, Inc. from March 1997 through March 8, 2000, as a sales assistant. Her duties were clerical in nature and included responding to customer e-mails, assisting sales managers, and preparing direct mailings.
Mr. Joseph Kelly, GTO’s president, testified at the telephonic hearing that the claimant was discharged for misconduct. The claimant’s alleged misconduct included: (1) refusing to follow a supervisor’s instructions, (2) refusing to write sales orders because they were not fairly distributed, (3) referring to a supervisor’s instructions in a derogatory manner, (4) making excessive personal phone calls (local and long distance calls charged to the company), (5) working on her personal resume during work hours, (6) being belligerent to a supervisor, (7) abruptly entering a supervisor’s office, throwing documents in her in-box, and quicMy leaving while ignoring the supervisor’s questions, (8) using a racial slur, and (9) sending over 50 incorrect e-mails to clients.
However, the appeals referee excluded Mr. Kelly’s testimony, concluding as a matter of law that:
The record shows the claimant was discharged because the president believed the claimant was insubordinate, made personal long distance telephone calls and due to poor work performance. The exact reason for the discharge is unknown as the sole employer witness, the president, was not a witness to the events that led to the claimant’s discharge! ]. Thus, his testimony is con *1203 sidered hearsay. Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but is not sufficient in itself to support a finding of fact unless it would be admissible over objection in civil actions. Section 120.58. Florida Statutes: Florida Administrative Code Rule 38E-5.02í(8) (d).
(Emphasis added). Because the president’s testimony was excluded as hearsay, the referee ruled against GTO.
We have reviewed the record and find that Mr. Kelly testified that he personally met with the claimant, and the claimant admitted her personal use of the telephone with long distance calls charged to the company. Mr. Kelly also testified that, at this same meeting, he gave the claimant an example of an e-mail response the claimant had written to a customer the day before, where she clearly did not answer the customer’s concerns. This testimony of the claimant’s admissions was excluded in error. As properly admitted evidence, this testimony may have been supplemented by other evidence excluded by the referee as hearsay, pursuant to section 120.57(l)(c), Florida Statutes (2000).
We find that the record also reflects other admissions by the claimant that were either excluded in error by the referee, or that should have been considered as admissible evidence that may have been supplemented by other evidence excluded by the referee as hearsay, pursuant to section 120.57(l)(e), Florida Statutes (2000). (See e.g., employee evaluation signed by the claimant on April 1, 1998, document 10, indicating problems with absences and personal phone calls; because this evidence was properly admitted, it could have been supplemented by excluded testimony).
Although the appeals referee may have further erred by excluding evidence that may have been properly admitted pursuant to Fla. Admin. Code R. 38E-5.024(3)(d)(evidence of a type commonly relied upon by reasonable persons in the conduct of their affairs shall be admissible), the business record hearsay exception, or as a summary, we need not decide that because we remand for a new hearing. See §§ 90.803(6), 90.956, Fla.Stat. (2000); Department of General Services v. English, 509 So.2d 1198 (Fla. 1st DCA 1987)(employer’s evidence of discharge was admissible and should have been considered by referee in determining whether employee was eligible for unemployment compensation after discharge).
The order of the Commission is reversed with directions that the cause be remanded to the appeals referee for the hearing to be conducted again. New evidence may be considered at the rehearing. Ed Ricke & Sons, Inc. v. Green, 609 So.2d 504, 507 (Fla.1992)(“An order directing a new trial has the effect of vacating the proceeding and leaving the case as though no trial had been had,” quoting Atlantic Coast Line R.R. v. Boone, 85 So.2d 834 (Fla.1956); “newly discovered evidence or alternative claims or defenses, whether presented by plaintiff or defendant, should be allowed to be presented in any subsequent trial of a cause”).
REVERSED and REMANDED.
BARFIELD, C.J., and WOLF, J., concur.