328 So.2d 224 (1976)
Bobby Earl HOLLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 75-89.
District Court of Appeal of Florida, Second District.
March 12, 1976.
*225 Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
This appeal primarily involves the admissibility of certain evidence under the Uniform Business Records as Evidence Act.
To understand the importance of this question, it is necessary to consider the testimony of certain key witnesses. The appellant was charged with robbing Plant City Saf-T-Gas on February 19, 1974. Dorothy Pelham, the bookkeeper for the company, testified that while in the office by herself about 12:45 p.m., she was robbed by a man she later identified as appellant. The state then called Betty Jean Broom, a secretary for Texgas in Plant City, who testified that her office was robbed on February 4, 1974. She was "pretty sure" that appellant was the robber. Ms. Broom's testimony was introduced without objection as "Williams Rule" testimony to prove identification because of a similar modus operandi in the two crimes. Williams v. State, Fla. 1959, 110 So.2d 654. Appellant took the stand and denied both robberies. He said he was in Houston, Texas, on February 4. While he admitted being in Plant City on February 19, he insisted that he was visiting relatives about the time the robbery occurred.
Appellant first asserts that the court erred in refusing to suppress an in-court identification by Ms. Pelham and Ms. Broom because of a tainted lineup and an allegedly improper exhibition of photographs. We can find no error in the refusal to suppress the in-court identification.
A more serious problem is presented by appellant's unsuccessful attempt to introduce a copy of a motel registration card with machine stamped dates reflecting that one Bobby Holley was registered at the Downtown Holiday Inn in Houston, Texas, from February 3, 1974, to February 5, 1974. Appellant had sought to authenticate the card through the testimony of Jose Escobar, who was the Assistant Comptroller of the motel.
The Uniform Business Records as Evidence Act is an extension of the shop-book rule and is intended to liberalize the rules pertaining to the admissibility of shopbook memoranda. Exchange National Bank of Tampa v. Hospital and Welfare Board of Hillsborough County, Fla.App.2d, 1965, 181 So.2d 9. The justification for this exception to the hearsay rule is the probability of trustworthiness which is incident to a record kept in the regular course of business and made at or near the time of the act, condition or event of which it purports to be a record. National Car Rental System, Inc. v. Holland, Fla.App. 4th, 1972, 269 So.2d 407. There is nothing in the statute which suggests that its application is limited to civil cases.
Mr. Escobar was clearly the custodian of the motel records. He was in a position to demonstrate that the copy of the registration card was the best evidence available because the original had been destroyed. He was prepared to testify concerning the method by which the registration cards were filled out. The argument that Mr. Escobar was not the desk clerk is beside the point. The statute was passed to avoid the necessity of bringing to court *226 every person who played a part in the preparation of a particular business record. While the proffer was never completed, the record sufficiently indicates that Mr. Escobar could have qualified under Fla. Stat. § 92.36 for the purpose of introducing the registration card into evidence.
There was only one witness to the robbery with which appellant was charged and one witness to the Williams Rule robbery. While the introduction of the registration card was not conclusive proof, it would have tended to corroborate appellant's story that he was in Houston on the date of the Williams Rule robbery. If Williams Rule testimony is relevant enough to be permitted, competent evidence tending to disprove the Williams Rule testimony is equally important. Since we cannot say for certain that the jury's verdict would have been the same had the card been permitted into evidence, the judgment must be reversed, and the case is remanded for a new trial.
McNULTY, C.J., and SCHEB, J., concur.