432 So.2d 684 (1983)
Ken CAMPBELL, Appellant,
v.
CENTRAL FLORIDA ZOOLOGICAL SOCIETY and Department of Labor and Employment Security, State of Florida, Unemployment Appeals Commission, Appellees.
No. 82-1353.
District Court of Appeal of Florida, Fifth District.
June 2, 1983.
Homero Leon, Jr., Greater Orlando Legal Services, Inc., Orlando, for appellant.
*685 Gerald S. Rutberg, Casselberry, for appellee Central Florida Zoological Society.
James R. Parks and Norman R. Blessing, Tallahassee, for appellee Unemployment Appeals Com'n.
COBB, Judge.
Appellant, Ken Campbell, appeals from an order of the Unemployment Appeals Commission reversing the appeals referee and determining that he was disqualified from unemployment compensation due to misconduct connected with his work. We reverse.
The referee determined that since the witnesses who appeared at the hearing had no firsthand knowledge of the incidents giving rise to Campbell's termination, but merely related information they had obtained from others, there was a lack of substantial competent evidence to find misconduct. The Commission's reversal of this finding cannot stand as a matter of law, since the only evidence presented at the hearing was hearsay.
Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions. § 120.58(1)(a), Fla. Stat. (1981); Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1977). Campbell's statements at the hearing, on which the Commission bases its finding, do not rise to the level of competent, substantial evidence allowing the hearsay to be brought in. The Commission erred in overturning the referee's findings. Accordingly, the order of the Commission is reversed and the cause remanded.
REVERSED and REMANDED.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., J., concur.