433 So.2d 24 (1983)
HILLSBOROUGH COUNTY, DEPARTMENT OF EMERGENCY MEDICAL SERVICES, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Robert J. Jackson, Appellees.
No. 82-1150.
District Court of Appeal of Florida, Second District.
June 15, 1983.
*25 Emeline C. Acton, Asst. County Atty., for Hillsborough County, Tampa, for appellant.
James R. Parks and Norman A. Blessing, Tallahassee, for appellee Unemployment Appeals Com'n.
DANAHY, Judge.
The employer, County of Hillsborough, Department of Emergency Medical Services, appeals an order of the Unemployment Appeals Commission which found that appellee, Robert J. Jackson, was eligible for unemployment compensation benefits. We reverse.
The employer is required by law to have its ambulances kept in good sanitary condition by having them washed and cleaned daily. Mr. Jackson was employed to wash ambulances for appellant starting in October of 1980. He was last at work on July 16, 1981. He was on a scheduled vacation thereafter and was to return to work July 26, 1981. On July 24, 1981, Mr. Jackson was arrested and incarcerated after being found in contempt of court, and he was sentenced to serve ninety days in jail for failure to make child support payments. On that same date, from the jail, he phoned a dispatcher at the employer's office and informed him of his incarceration, but no leave of absence was arranged. Mr. Jackson failed to report to work on July 26 through 29. On July 29, the employer terminated Mr. Jackson's position based on abandonment of that position.
The appeals referee held that Mr. Jackson qualified for receipt of benefits, reasoning that he left his employment, but his leaving was not voluntary. The Unemployment Appeals Commission affirmed the decision that Mr. Jackson was qualified for benefits but modified the legal conclusion of the referee by basing the qualification on lack of misconduct connected with work.
Section 443.101(1)(a), Florida Statutes (1981), disqualifies an individual for unemployment benefits (1) when he voluntarily leaves his employment without good cause attributable to his employer, or (2) if he has been discharged by his employer for misconduct connected with his work.
In this case, Mr. Jackson's continued absence from work was the operative factor in his termination by the employer. Continued absenteeism caused by personal problems for which an employee bears culpability amounts to misconduct per se for purposes of section 443.101(1)(a). Castillo v. Florida Department of Commerce, 253 So.2d 162 (Fla. 2d DCA 1971).
Mr. Jackson's unavailability for work not only hampered the operation of the employer's business but also was a foreseeable consequence of his failure to pay court-ordered child support.
Accordingly, the order of the Unemployment Appeals Commission awarding unemployment benefits to Mr. Jackson is reversed.
REVERSED.
BOARDMAN, A.C.J., and GRIMES, J., concur.