460 So.2d 557 (1984)
Sharole S. SHACKLETT, Appellant,
v.
STATE of Florida, Unemployment Appeals Commission and Eckerd Drugs of Florida, Inc., Appellees.
No. 84-927.
District Court of Appeal of Florida, Second District.
December 14, 1984.
James W. Hengelbrok, Jr., Tampa, for appellant.
Donna Erlich, Tallahassee, for appellee Unemployment Appeals Com'n.
RYDER, Chief Judge.
Sharole S. Shacklett appeals a decision of the Unemployment Appeals Commission finding her ineligible for unemployment compensation benefits. We reverse.
Appellant was employed as a floor clerk and cashier for Eckerd Drugs of Florida, Inc. On October 7, 1983, when working as a cashier, appellant allegedly failed to ring up a $2.10 cigarette sale to a "mystery shopper" employed by Eckerd to scrutinize *558 employee performance. Appellant was fired for her failure to ring up the sale, a violation of Eckerd policy.
The appeals referee found that appellant admitted not ringing up the purchase and concluded that she was guilty of misconduct and should be ineligible for unemployment benefits. The Unemployment Appeals Commission affirmed.
Misconduct for purposes of the Unemployment Compensation Law is defined in section 443.036(24), Florida Statutes (1981), as:
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
We hold that the Unemployment Appeals Commission erred in affirming the appeals referee's decision because the decision depends on findings of fact not supported by competent, substantial evidence in the record. Appellant was discharged by Eckerd solely for her failure to ring up a single sale of cigarettes. Although the appeals referee found that appellant admitted not ringing up the sale, the record is devoid of any such admission. It contains only speculation on the major point. At the hearing, appellant testified that although she may not have rung up the sale, she did not recall not doing so. The only other two witnesses who testified did not have personal knowledge of the incident.
In any event, the record does not contain competent, substantial evidence to support a ruling that appellant wantonly or willfully deliberately violated Eckerd's policy or was careless or negligent to such a degree or recurrence as to manifest culpability, willful intent or evil design, or to show a substantial disregard of her employer's interests or of her duties and obligations to her employer. Absent evidence that appellant was guilty of such misconduct, appellant should not have been disqualified for unemployment compensation benefits. Castor v. Department of Labor and Unemployment Security, 429 So.2d 829 (Fla. 2d DCA 1983); Castillo v. Florida Department of Commerce, 253 So.2d 162 (Fla. 2d DCA 1971); Earp v. Florida Department of Commerce Industrial Relations Commission, 241 So.2d 422 (Fla. 2d DCA 1970); Spaulding v. Florida Industrial Commission, 154 So.2d 334 (Fla. 3d DCA 1963).
As the Third District observed in Spaulding:
The unemployment compensation statute is designed to cushion the effect of unemployment by a series of benefit payments for a period to a worker who becomes unemployed. Discharge "for misconduct connected with his work" will disqualify a claimant, but in determining whether such a disqualification has occurred, the statute should be liberally construed in favor of the claimant for whose benefit it exists.
154 So.2d at 339.
Accordingly, the decision of the Unemployment Appeals Commission is quashed and the cause is remanded to the Commission with instructions to enter an appropriate order entitling appellant to unemployment compensation benefits.
SCHOONOVER, J., and McDONALD, RANDALL G., Associate Judge, concur.