CAMPBELL, Chief Judge.
Suncoast Steel challenges the Florida Unemployment Appeals Commission (UAC) order that found the claimant, Clifton, entitled to benefits. We agree with Suncoast Steel*that the commission’s order is contrary to the law and the facts as found by the referee and supported by competent evidence.
The UAC reversed the referee; finding that the evidence of Clifton’s absenteeism was based on inadmissible hearsay. § 120.58(l)(a), Fla.Stat. (1987); Fla.Admin. Code Rule 38E-5.024(3)(d). The referee had denied benefits to Clifton based on the testimony of Clifton’s shop supervisor (Moore), a personnel record and Clifton’s own testimony. The UAC apparently found that Moore’s testimony regarding the personnel attendance record was inadmissible hearsay because Moore was not the proper custodian of the records.
While it is true that hearsay evidence, standing alone, is insufficient in an administrative hearing, we find that Clifton’s own testimony establishes a sufficient record of absenteeism, as supplemented by the personnel attendance record.
At the hearing, Clifton attempted to explain the nineteen days of absence from January through June of 1987, but could only explain, at most, seven days. He did not deny that he had been absent for nineteen days without permission.
Further, the personnel attendance record was entered without objection so that even if Moore was not competent to testify about it, the personnel record spoke for itself and served to supplement Clifton’s testimony. § 120.58(l)(a). Moreover, Moore testified that he was personally aware of eighteen instances of absenteeism and numerous instances of tardiness that occurred in the six months preceding Clifton’s termination.
Because the record does contain substantial competent evidence of excessive unauthorized absenteeism and Clifton was unable to rebut the presumption that this was misconduct under section 443.036(25), Florida Statutes (1987) (Tallahassee Housing Authority v. Florida Unemployment Appeals Commission, 483 So.2d 413 (Fla. 1986)), the UAC erred when it substituted its judgment for that of the referee. CF Industries, Inc. v. Long, 364 So.2d 864 (Fla. 2d DCA 1978). We therefore reverse the order of the UAC and hold that Clifton is not entitled to benefits and direct that the order of the referee be reinstated.
LEHAN and HALL, JJ., concur.