530 So.2d 426 (1988)
FLORIDA MINING & MATERIALS CORPORATION, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, and ARTHUR J. MARCUS, Appellees.
No. 87-1584.
District Court of Appeal of Florida, First District.
August 30, 1988.
Raymond T. Elligett, Jr. of Shackleford, Farrior, Stallings & Evans, Tampa, for appellant.
John D. Maher and Gert Atkinson-Hazelton, Gen. Counsel, Unemployment Appeals Com'n, Tallahassee, for appellee Unemployment Appeals Com'n.
NIMMONS, Judge.
Florida Mining & Materials Corporation (Florida Mining) appeals from a final order of the Unemployment Appeals Commission (Commission) awarding unemployment compensation to the claimant. We reverse and remand.
Claimant was discharged by Florida Mining because of intoxication during work hours. Florida Mining's company policy calls for the automatic termination of anyone intoxicated on the job as this is regarded as a safety hazard to coworkers. Subsequently, claimant filed a claim for unemployment compensation. A Division of Unemployment Compensation claims examiner determined that claimant was not entitled to unemployment compensation because the discharge was for misconduct connected with work.
Claimant filed a notice of appeal and a hearing was conducted pursuant to Section 120.57, Florida Statutes. At the hearing, claimant testified that he had not had anything to drink on the job, but had drunk approximately a six-pack of beer the night before. He stated that he had become overheated while working and went to the air-conditioned lunchroom to sit down.
*427 Florida Mining's personnel director, William Reese, testified that he received a call at approximately 1:00 P.M. advising that claimant had been taken to the lunchroom and was acting "somewhat oddly, a little incoherently." Mr. Reese testified that he took claimant to an independent walk-in clinic and, upon being asked by the doctor if he had been drinking, the claimant answered yes. Reese testified that claimant's words were "very slurred" and that claimant staggered when he walked.
Florida Mining introduced copies of two blood alcohol tests which were performed with the claimant's consent by the doctor at the walk-in clinic. Those tests reflected that claimant had a very high level of alcohol intoxication. Also introduced were the treating doctor's notes which indicated that the claimant had told the doctor he had been drinking. The doctor's notes further indicated that upon entering the clinic the claimant had a very strong smell of alcohol and was suffering from acute alcohol intoxication.[1]
Cecil Lines, Florida Mining's assistant superintendent, also testified that he observed claimant after lunch on the day in question. Lines said that claimant exhibited slurred speech and staggered, which prompted Lines to call Reese in order to make a determination of whether claimant should be taken to a doctor. Lines also testified that he could smell alcohol on claimant's breath.
The appeals referee found that claimant was not discharged for misconduct connected with his work and was therefore eligible for unemployment compensation benefits. The conclusions of law reached by the appeals referee are as follows:
The record and evidence in this case clearly show that the claimant was discharged. It further reveals this occurred because the employer felt that the claimant was intoxicated while on the job. The claimant was not intoxicated, however, he had drank a six-pack the night before but had not drank anything since around midnight. The claimant had gotten overheated that afternoon to the point to where it was almost blinding and he was nauseated. The employer representative who appeared at the hearing gave no testimony that they physically saw the claimant take a drink while on the job. The employer representative relied upon the clinical results indicating that the claimant was intoxicated. However, those documents are considered to be hearsay evidence and a finding of fact cannot be built on hearsay evidence. The employer has not shown by a preponderance of the evidence in the record that the claimant was intoxicated while on the job on that date. Therefore, after considering all testimony given at the hearing it can only be held that the claimant was discharged but not for misconduct connected with his work.
The referee's decision was affirmed by the Commission.
It is apparent from the referee's conclusions of law that she would not consider the medical reports of claimant's intoxication because she believed they constituted hearsay evidence and "a finding of fact cannot be built on hearsay evidence." The appeals referee's conclusions of law are erroneous. While hearsay evidence is not sufficient in itself to support a finding unless it would be admissible over objection in civil actions, hearsay evidence may be used for the purpose of supplementing or explaining other evidence. Section 120.58(1)(a), Florida Statutes (1985)[2]; CF Chemicals, Inc. v. Florida Dept. of Labor & Employment Security, 400 So.2d 846 *428 (Fla 2nd DCA 1981); Campbell v. Central Florida Zoological Society, 432 So.2d 684 (Fla. 5th DCA 1983).
Contrary to the appeals referee's conclusion, she was entitled to consider the above referred documents to supplement or explain the testimony of William Reese (the personnel director) and Cecil Lines (the assistant superintendent) whose testimony, incidentally, if believed by the referee would have been sufficient by itself to support a finding of claimant's on-the-job alcohol intoxication. Reese testified that he personally observed that the claimant's speech was slurred, and that he was staggering. He also heard the claimant tell the doctor at the clinic that he had been drinking. Lines testified that the claimant exhibited slurred speech and abnormal staggering, and that he could smell alcohol on claimant's breath. The doctor's report that claimant was acutely intoxicated and the test results revealing a very high level of intoxication serve to supplement or explain the testimony of Reese and Lines.
Accordingly, the order of the Commission is REVERSED and the case is REMANDED to the appeals referee for reconsideration of the testimony and evidence already received.
THOMPSON and BARFIELD, JJ., concur.
NOTES
[1] No objection was made regarding the admissibility of the blood alcohol test results or the doctor's notes, either on the grounds of failure to properly authenticate such documents via a records custodian or otherwise.
[2] Section 120.58(1)(a) provides as follows:

(a) Irrelevant, immaterial, or unduly repetitious evidence shall be excluded, but all other evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs shall be admissible, whether or not such evidence would be admissible in a trial in the courts of Florida. Any part of the evidence may be received in written form, and all testimony of parties and witnesses shall be made under oath. Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions. This paragraph applies only to proceedings under s. 120.57. (e.s.)