536 So.2d 1074 (1988)
CITY OF FORT LAUDERDALE, Appellant,
v.
Florida Unemployment Appeals Commission and Vernon L. Moody, Appellees.
No. 87-2453.
District Court of Appeal of Florida, Fourth District.
November 9, 1988.
*1075 Gordon D. Rogers and Elizabeth Schwartz Syger of Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A., Miami, for appellant.
John D. Maher, Unemployment Appeals Com'n, Tallahassee, for appellee Florida Unemployment Appeals Com'n.
WETHERINGTON, GERALD T., Associate Judge.
The City of Fort Lauderdale appeals an order of the Unemployment Appeals Commission affirming the appeals referee's decision that Vernon L. Moody was qualified for unemployment compensation benefits. We affirm.
The pertinent facts reflect that Moody was employed by the City as an Engineering Inspector II. Sometime in March of 1986, Moody's drug use came to the City's attention. On April 1, 1986, Moody went on sick leave and, with the City's assistance, enrolled in a 28-day in-house drug treatment program at Humana Hospital. However, Moody was administratively discharged from the program on April 15, 1986, because of a disputed drug test result. Moody was thereafter allowed to return to work under certain conditions specified in a "last chance agreement" which he signed on May 8, 1986. The "last chance agreement" conditioned Moody's return to work upon his submission to random drug testing, and provided that a positive drug test result would constitute Moody's voluntary resignation/termination from employment. On May 14, 1986, the City advised Moody that his "drug screening test conducted on May 8, 1986, tested positive for cocaine use," and that Moody was being terminated "because of the positive test results indicating current use of cocaine."
Subsequently, a claims adjudicator determined that Moody was qualified for unemployment compensation benefits. The City filed a notice of appeal and a hearing was conducted before an appeals referee on April 27, 1987. The appeals referee found that Moody was qualified for unemployment compensation benefits. The Commission affirmed the referee's decision on the grounds that there was insufficient evidence that Moody tested positive for cocaine. We agree.
The sole evidence that Moody tested positive for cocaine was a lab report prepared by an independent laboratory procured by the City. No one from the laboratory was called as a witness to establish that the lab report was a business record of the laboratory, admissible as an exception to the hearsay rule under section 90.803(6), Florida Statutes (1987). The lab report thus constituted hearsay, lacking the reliability and trustworthiness of a business record as defined in the above statutory rule of evidence. See Beasley v. Mitel of Delaware, 449 So.2d 365 (Fla. 1st DCA 1984). Although hearsay is admissible in an unemployment compensation claim proceeding for certain purposes, hearsay alone, which would not be admissible over objection in civil actions, is insufficient to prove a fact in issue. Florida Mining & Materials Corp. v. Florida Unemployment Appeals Commission, 530 So.2d 426 (Fla. 1st DCA 1988); § 120.58(1)(a), Fla. Stat.(1987).
*1076 The Commission's conclusion that the hearsay lab report was insufficient to establish that Moody tested positive for cocaine is therefore supported by the foregoing principles of law and by competent, substantial evidence. Accordingly, its decision that Moody was qualified for unemployment compensation benefits is affirmed.
AFFIRMED.
DOWNEY and GLICKSTEIN, JJ., concur.