545 So.2d 898 (1989)
SOUTHERN BAKERIES, INC., Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Wilbur Whatley, Jr., Appellees.
No. 88-1696.
District Court of Appeal of Florida, Second District.
March 15, 1989.
Rehearing Denied July 6, 1989.
*899 John-Edward Alley and Joseph W. Carvin of Alley and Alley, Chartered, Tampa, for appellant.
Frank E. Hamilton, III, of Frank Hamilton & Associates, P.A., Tampa, for appellee Wilbur Whatley, Jr.
FRANK, Acting Chief Judge.
Southern Bakeries has sought review of an order entered by the Unemployment Appeals Commission awarding unemployment compensation benefits to William Whatley, Jr., who was terminated from employment following a determination that cannabinoids were present in his urine. The critical finding by the appeals referee, adopted by the Commission, was that "[i]t is abundantly clear that the record is devoid of a presentation of proper witnesses to authenticate the chain of custody or that the test was positive." Our assessment of the record compels a contrary conclusion; we reverse.
Whatley was employed by Southern Bakeries as a transport driver. He had a minor accident which, pursuant to established policy, triggered his submission to a urinalysis. The result disclosed the presence of cannabinoids. In the face of that fact Whatley agreed to enter Southern Bakeries' assistance program which, among other things, kept him off the payroll until his urinalysis studies were negative. When he reached the negative stage, he was returned to work and executed an agreement that he would remain free from mood altering drugs but if he failed to adhere to that commitment, he would be discharged. Several months following restoration to employment, Whatley had another minor accident again subjecting him to a urinalysis which was undertaken by a recognized laboratory. Whatley's urine proved positive and he was discharged.
It is manifest from the appeals referee's decision that but for the "presentation of proper witnesses to authenticate the chain of custody or that the test was positive," Whatley would not have prevailed in his claim for unemployment benefits. The referee's finding that Southern Bakeries "failed to show by a preponderance of the evidence that [Whatley] was guilty of the allegation charged" is pinned entirely to the erroneous conclusion that Southern Bakeries failed to "authenticate the chain of custody." It is our view of the record that the referee, and hence the Commission, erred in rejecting Southern Bakeries' scientifically produced evidence disclosing Whatley's use of marijuana. The review function we have undertaken has not in any degree involved reweighing of the evidence. Rather, contrary to Whatley's view, we have been asked by Southern Bakeries simply to determine if the referee and the Commission have failed properly to apply section 90.803(6), Florida Statutes (1987).
This court, on a prior occasion, determined that section 90.803(6) is applicable to proceedings conducted under chapter 443, Florida Statutes (1987), and that records maintained in the regular course of business are admissible as an exception to the hearsay rule. CF Chemicals, Inc. v. Florida Department of Labor and Employment Security, 400 So.2d 846 (Fla. 2d DCA 1981). A comprehensive restatement of the record is not essential to our conclusion that Southern Bakeries, through the *900 testimony of Hall and Chaney, described a chain of events disclosing scrupulous custody over the specimen provided by Whatley at Quality Care North in Lakeland until it reached and was analyzed by SmithKline in Tampa. Acknowledging that the chain of custody form associated with Whatley's specimen bears a discrepancy stemming from the October 23, 1987 date when the specimen was collected and the date of October 21, 1987 indicating when Clark verified its integrity upon receipt at the SmithKline laboratory, two factors apparent from the record persuade us that such discrepancy is meaningless, i.e., Whatley testified that he went to Quality Care North on October 23, 1987, to have the specimen collected and the date of October 24, 1987 follows the signature of Brenda Todd who also verified the integrity of the specimen container seal.
We find in the appeals referee's statement that the record is "devoid of proper witnesses to authenticate the chain of custody" a grand misperception of the manner in which section 90.803(6) is intended to be applied. It seems that the referee harbored the notion that each person involved in the taking and analyzing of the specimen was an essential witness to the process from beginning to end. Section 90.803(6) does not require that quantum of proof. Indeed, one of the purposes of that code provision is "to avoid the necessity of bringing to court every person who played a part in the preparation of a particular business record." Holley v. State, 328 So.2d 224, 225-226 (Fla. 2d DCA 1976). The testimony of Chaney, the supervisor of SmithKline's toxicology department, unmistakably depicts him as the custodian of and the proper person to validate the report relied upon by Southern Bakeries to effect Whatley's discharge. See Dutilly v. Department of Health & Rehabilitative Services, 450 So.2d 1195 (Fla. 5th DCA 1984). There is nothing in the record to permit impeachment of the laboratory finding that Whatley's urinalysis revealed the presence of cannabinoids.
Based upon the foregoing, we reverse and vacate the order entered by the Unemployment Appeals Commission and remand this matter to it for further proceedings not inconsistent with this opinion.
HALL and PARKER, JJ., concur.