PER CURIAM.
Estella Freeman, a cook, testified that she gave her employer notice of, and a reason for, her absence. The referee found the evidence conflicting on that critical issue and held, in denying the claim for unemployment benefits, that Freeman was discharged for misconduct connected with her work.
The single question presented is whether the referee’s factual finding of a conflict on the notice issue is supported by clear and substantial evidence.
Freeman testified that she was “upset” over the death of her godmother and needed time to make funeral arrangements. She allegedly had a friend call her employer on March 26th to explain the reason for her three-day absence. Freeman also produced a handwritten note at the hearing from the person who had called stating that she asked to speak with Freeman’s manager and told that person that Freeman would not be in because of the death of her godmother. The supervisor admitted to having received a call on that date which she understood to have been one asking that Mrs. Freeman be informed that her godmother had died. Otherwise there was no categorical denial by the employer that Freeman failed to notify her employer of a reason for her absence.
The claimant’s evidence that on March 26th she gave the employer a reason for her absence is not refuted by any contrary evidence. For that reason there was no conflict in the evidence requiring a resolution by the referee. Although the message may have been garbled in transmission, the testimony of the employer’s supervisor lends support to the claimant’s testimony. Because the referee’s finding of misconduct is not supported by competent and substantial evidence, the order denying unemployment compensation benefits is without a basis. Daniels v. Florida Unemployment Appeals Comm’n, 531 So.2d 1047 (Fla.2d DCA 1988); Shacklett v. Florida Unemployment Appeals Comm’n, 460 So.2d 557 (Fla. 2d DCA 1984).
Reversed and remanded.