627 So.2d 1175 (1993)
Edmund SIMMONS, Jr., Appellant,
v.
KALIN, INC., and Unemployment Appeals Commission, Appellees.
No. 93-00204.
District Court of Appeal of Florida, Second District.
October 15, 1993.
Eric E. Vigen of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for appellant.
William T. Moore, Tallahassee, for Unemployment Appeals Com'n.
PER CURIAM.
The claimant, Edmund Simmons, Jr., challenges an order of the Unemployment Appeals Commission (commission) which affirmed the appeals referee's denial of unemployment benefits. We reverse.
The claimant had been employed as a delivery man for Kane Furniture Company of Sarasota (employer) for more than three years. He was shot in the leg in an incident unrelated to work and promptly reported to his supervisor that he would be unable to work until his injury healed. The employer informed the claimant that he should contact his supervisor on a weekly basis to keep him informed of his health status. Approximately four weeks after the claimant's injury, the employer's personnel administrator attempted to contact him during a four day period to ask him to provide a physician's certificate. She left several messages for the claimant to call her, but he did not return her calls. On the fourth day of trying to contact him, the personnel administrator sent the claimant a letter terminating his employment.
*1176 The claimant subsequently applied for unemployment benefits. The claims adjudicator determined that benefits were not payable because the claimant was discharged for misconduct connected with work pursuant to section 443.036(26), Florida Statutes (1991). The adjudicator concluded that the claimant was discharged for failure to keep in contact with the employer and that such action was not in the employer's best interests. The claimant challenged the determination. After a hearing, the appeals referee affirmed the adjudicator's denial of benefits, finding that the claimant had failed to keep the employer informed of his medical status as required by the employer. The commission subsequently affirmed the referee's decision. This timely appeal followed.
The issue before us is whether the employer established that the claimant was discharged for misconduct connected with work. See Lewis v. Unemployment Appeals Comm'n, 498 So.2d 608 (Fla. 5th DCA 1986); Sears, Roebuck & Co. v. Florida Unemployment Appeals Comm'n, 463 So.2d 465 (Fla. 2d DCA 1985). Pursuant to section 443.036(26), "misconduct" includes, but is not limited to the following:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
The appeals referee concluded as a matter of law that the claimant's actions in failing to notify the employer as he had agreed to do shows a willful and wanton disregard of the standards of behavior that the employer has the right to expect, which constitutes misconduct under section 443.036(26)(a). The commission's order affirming the referee's conclusion can only be set aside upon a finding that the order is not supported by substantial, competent evidence. Dart Indus., Inc. v. Dep't Labor & Employment Sec., 596 So.2d 725 (Fla. 5th DCA 1992). See Maynard v. Florida Unemployment Appeals Comm'n, 609 So.2d 143 (Fla. 4th DCA 1992). Although we agree that a claimant's failure to maintain contact with his employer during an illness could constitute misconduct where, as here, there was an express agreement between the parties to maintain weekly contact, the record here does not contain substantial, competent evidence to support the referee's finding that the claimant failed to make such contact.
The claimant was terminated exactly one month from the date of his injury. Thus, according to the agreement between the parties, the claimant was required to contact the employer at least once during each of these four weeks. The employer did not present any evidence as to the last date it had contact with the claimant, nor did it present evidence that contact had not been made on a weekly basis. The employer simply testified that the claimant could not be reached during a four day period when the personnel administrator was attempting to obtain a physician's certificate. All the parties agreed that the employer had not previously informed the claimant that it needed a physician's certificate.
There was some dispute as to whether the claimant made weekly contact on his own initiative or whether his supervisor had to call the claimant and leave messages for him to return his calls. The personnel administrator testified, however, that the claimant was told to "stay in contact with us or be available for us to reach him on a weekly basis." The claimant's supervisor testified that the claimant always returned his telephone calls. There was no indication that the claimant had not called his supervisor or returned a call from his supervisor during the week he was terminated. The evidence only confirmed that the personnel administrator was unable to reach the claimant during a four day period. Four days is not a week.
Further, several documents completed by the employer after the claimant was terminated indicate that he was dismissed due to his injury rather than failure to keep the *1177 employer informed. One document, signed by the personnel administrator, indicated that his separation from employment was "inability to perform duties (not willful misconduct)." Another document, signed by the claimant's supervisor, indicated the reason for leaving was "Other" rather than "Dismissed" or "Resigned" and further explained "personal injury not able to perform duties."
Based on our review of the record, there is no substantial, competent evidence to support the appeals referee's finding that the claimant failed to make weekly contact as required by the employer nor any evidence that would support a finding of misconduct as defined in section 443.036(26). See Tucker v. Florida Dep't of Commerce, 366 So.2d 845 (Fla. 1st 1979); Bagwell Lumber Co. v. Florida Dep't of Commerce, 353 So.2d 1261 (Fla. 2d DCA 1978). We, therefore, reverse the commission's order which affirmed the appeals referee's decision and remand with instructions to award the claimant unemployment compensation benefits.
Reversed and remanded.
SCHOONOVER, A.C.J., and HALL and ALTENBERND, JJ., concur.