635 So.2d 1028 (1994)
Estella J. DOYLE, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Mid-State Federal Savings & Loan Association, Appellees.
No. 93-02874.
District Court of Appeal of Florida, Second District.
April 22, 1994.
*1029 James Garrity, Tampa, for appellant.
William T. Moore, Tallahassee, for appellee Florida Unemployment Appeals Com'n.
LAZZARA, Judge.
Estella Doyle (Doyle) appeals the order of the Florida Unemployment Appeals Commission (UAC) upholding the appeals referee's denial of her entitlement to unemployment compensation benefits. She argues that her actions resulting in her discharge from employment did not rise to the level of misconduct as that term is defined in section 443.036(26), Florida Statutes (1991). We agree and reverse with directions to award her unemployment benefits.
Doyle was employed as a bank teller with Mid-State Federal Savings and Loan Association (employer) for a period of seven and one-half years. She was discharged for being "out of balance", which means the amount of cash in her register drawer was not what it should have been.
A claims adjudicator granted Doyle's application for unemployment benefits. He found that any cash discrepancies attributable to Doyle were beyond her control, and there was no information submitted to substantiate misconduct connected with her work. He therefore concluded that she was entitled to benefits.
The employer challenged the granting of benefits before an appeals referee. Its only concern was that the claims adjudicator's finding was inconsistent with the standard of accountability imposed on bank tellers which dictates that they are always responsible for maintaining an accurate balance in their cash drawers.
At the hearing before the appeals referee, the employer presented its case through its human resources director, who testified telephonically. Doyle testified in person. The evidence established that prior to Doyle's discharge, the employer implemented a procedure that required its tellers to record each transaction on a separate adding machine *1030 tape. This policy was designed to facilitate the discovery of any errors in an out of balance, or outage, situation.
Doyle testified she was aware of this policy and attempted to comply with it by keeping an accounting of each transaction. However, she found it difficult to follow the procedure on busy days and sometimes the tape would tear off the machine.
Doyle was out of balance on March 30, 1993, with a cash excess, or overage, of $400. As a result of this incident, she was placed on ninety days probation and warned that another such incident would lead to her discharge. This warning was consistent with the employer's known policy that an employee was subject to dismissal for recurring outages of a similar nature. Two days later, on April 1st, Doyle was again out of balance with a $200 overage. She was terminated from her employment the next day.
The employer's representative testified that when the March 30th incident occurred, the employer discovered that Doyle had not been maintaining proper adding machine tapes. She also related that a bank manager reviewed Doyle's work after the April 1st overage. He found that Doyle was making an effort to comply, and that there was an improvement in her maintenance of the tape records.
Doyle testified that April 1st was a very busy day. She related that to her knowledge she kept a tape of each transaction. Although she was disappointed she was not given an opportunity to find her error, she was not surprised by her dismissal.
The appeals referee also heard testimony from the employer's representative that Doyle had been placed on a thirty day probationary period in May of 1992 for an unacceptable balancing record. However, Doyle presented the referee with her December 1992 employment performance review. Although the employer's evaluation reflected Doyle needed to improve in some areas, it found that "[h]er transaction count and balancing records is [sic] good." This conclusion was based on her processing an average of 188 transactions a day.
Based on these facts, the appeals referee overturned the claims adjudicator's determination that Doyle was entitled to unemployment benefits. The referee concluded that Doyle demonstrated gross negligence by allowing the overages to occur and thus was guilty of misconduct connected with her work. In her order, the referee correctly defined "[m]isconduct connected with work" to mean "a willful or wanton act or course of conduct in violation of the worker's duties and obligations to the employer." The UAC affirmed and found that the referee's decision was in accord with the essential requirements of the law.
The issue we confront is whether the employer established that Doyle was discharged from employment for misconduct connected with her work. Simmons v. Kalin, Inc., 627 So.2d 1175 (Fla. 2d DCA 1993). In deciding this issue, we recognize that we have no authority to reweigh the evidence or to substitute our judgment for that of the UAC as to any disputed finding of fact. Gentsch, Larsen, Traad, M.D. v. Florida Dep't of Labor & Unemployment Security, 390 So.2d 802 (Fla. 3d DCA 1980); § 120.68(10), Fla. Stat. (1991). We also acknowledge that we cannot overturn its decision unless we determine that there is a lack of competent, substantial evidence in the record to support its action. Andrus v. Florida Dep't of Labor & Employment Security, 379 So.2d 468 (Fla. 4th DCA 1980); § 120.68(10). Accord Daniels v. Florida Unemployment Appeals Comm'n, 531 So.2d 1047 (Fla. 2d DCA 1988). See also DeGroot v. Sheffield, 95 So.2d 912, 916 (Fla. 1957) (defining "competent substantial evidence"). Based on this standard of review, we conclude that the UAC's order must be set aside.
The genesis for the finding of misconduct in this case is section 443.036(26) which defines such conduct as "willful or wanton disregard of an employer's interests" or "[c]arelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design." Under well established law, this statute must be interpreted liberally in favor of an employee, and its disqualifying provisions construed narrowly in determining whether an employee *1031 has exhibited work-related misconduct sufficient to support a denial of unemployment compensation benefits. E.g., Underhill v. Publix Super Markets, Inc., 610 So.2d 48 (Fla. 3d DCA 1992). Such a restrictive construction of the statute is based on the remedial and humanitarian nature of the Unemployment Compensation Law, the purpose of which is to relieve society of the serious menace caused by unemployment. Williams v. Florida Dep't of Commerce, 260 So.2d 233 (Fla. 1st DCA 1972); § 443.021, Fla. Stat. (1991).
It is also well established that the employer has the burden of proving misconduct on the part of the employee. E.g., Gunther v. Barnett Banks, Inc., 598 So.2d 243 (Fla. 2d DCA 1992). To meet this burden, the employer must show more than an employee's inefficiency, unsatisfactory conduct, or failure to perform in the work-place. E.g., Fredericks v. Florida Dep't of Commerce, 323 So.2d 286 (Fla. 2d DCA 1975). As noted in Gulf County School Board v. Washington, 567 So.2d 420, 423 (Fla. 1990), "[i]t is well settled that an employee who is discharged because he cannot adequately perform the work is entitled to unemployment compensation in spite of the fact that the employer had good reason to fire him."
In this case, the testimony of the employer's representative was insufficient to prove Doyle engaged in misconduct under the statute. Although the representative was consulted extensively about Doyle's performance problems, she never discussed them with Doyle and was not present when Doyle was discharged. Additionally, it is clear from her testimony that she had no direct, first-hand knowledge of the two critical incidents as demonstrated in part by her inability to explain what happened to the April 1st overage. Indeed, it is obvious from the record that her testimony was based on her referring to documentation which was never identified, properly authenticated, or introduced into evidence. See Arlotta v. Florida Parole & Probation Comm'n, 419 So.2d 1159 (Fla. 1st DCA 1982) (in reviewing agency action, appellate court cannot consider documents not made part of the record).
We have also reviewed the testimony of Doyle to determine if it establishes misconduct on her part pursuant to the statute. Suncoast Steel Corp. v. Florida Unemployment Appeals Comm'n, 532 So.2d 10 (Fla. 2d DCA 1988). We find it does not. At most, Doyle's testimony demonstrates "inefficiency and a failure to perform her work with that degree of exactness and efficiency which the employer may desire or demand." Spaulding v. Florida Industrial Comm'n, 154 So.2d 334, 339 (Fla. 3d DCA 1963). However, "the inadvertence, ordinary negligence, or poor judgment and inattention which well could be charged against her did not constitute `misconduct' within the meaning of the statute such as to disqualify [her] for benefits." Id.
Thus, we conclude that the record is devoid of any competent, substantial evidence to support the determination that Doyle willfully, wantonly, or deliberately violated the employer's procedures or that her recurring carelessness or negligence was of such a degree that it manifested culpability, willful intent, or evil design in failing to follow these procedures. Shacklett v. Florida Unemployment Appeals Comm'n, 460 So.2d 557 (Fla. 2d DCA 1984). Without such evidence, the appeals referee and the UAC should not have disqualified Doyle from receiving unemployment benefits. Id.
We pause to note that our decision should not be construed as disapproving the employer's policy that its bank tellers are accountable for the money entrusted to them within the scope of their employment, and that a recurring violation of this policy can be a legitimate basis for discharge from employment. Instead, our decision is nothing more than a reaffirmation of the basic legal principle that a discharge from employment based on an unsatisfactory work performance, without more, is insufficient as a matter of law to constitute misconduct under section 443.036(26) and thus warrant the denial of unemployment compensation benefits. Clifford v. Mile Marker 82 Ltd. Partnership, 623 So.2d 632 (Fla. 3d DCA 1993). See also Benitez v. Girlfriday, Inc., 609 So.2d 665, 666 (Fla. 3d DCA 1992) ("Misconduct serious enough to warrant an employee's dismissal is not necessarily serious enough to warrant the forfeiture of compensation benefits.").
In closing, we remind employers who contest an employee's entitlement to *1032 unemployment benefits, as well as appeals referees and the UAC, that competent, substantial evidence supporting a denial of such benefits cannot be based exclusively on hearsay evidence. Suncoast Steel. Such evidence is admissible only for the purpose of explaining or supplementing other evidence and is not sufficient, standing alone, to prove a material fact in issue unless it would be admissible over objection in a civil proceeding. CF Chemicals, Inc. v. Florida Dep't of Labor & Employment Security, 400 So.2d 846 (Fla. 2d DCA 1981); § 120.58(1)(a), Fla. Stat. (1991). Additionally, when documentation is offered as the sole evidentiary support for a finding of misconduct, as opposed to explaining or supplementing other evidence relating to such conduct,[1] it can only be used as a basis for disqualification if it is properly admitted under one of the hearsay exceptions found in sections 90.803(6) or (8), Florida Statutes (1991). Southern Bakeries, Inc. v. Florida Unemployment Appeals Comm'n, 545 So.2d 898 (Fla. 2d DCA 1989); City of Fort Lauderdale v. Florida Unemployment Appeals Comm'n, 536 So.2d 1074 (Fla. 4th DCA 1988); University of North Florida v. Unemployment Appeals Comm'n, 445 So.2d 1062 (Fla. 1st DCA 1984). The fact that an employee does not object to the admissibility of such critical documentary evidence does not preclude an appellate court from considering the sufficiency of the evidence to support the UAC's decision. See Harris v. Game & Fresh Water Fish Comm'n, 495 So.2d 806 (Fla. 1st DCA 1986).
We, therefore, reverse the UAC's order which affirmed the referee's decision that Doyle was guilty of misconduct as defined by the Unemployment Compensation Law and remand with directions to award Doyle unemployment compensation benefits.
Reversed and remanded with directions.
RYDER, A.C.J., and PATTERSON, J., concur.
NOTES
[1] Florida Mining & Materials Corp. v. Florida Unemployment Appeals Comm'n, 530 So.2d 426 (Fla. 1st DCA 1988).