656 So.2d 499 (1995)
Ben D. LIVINGSTON, Appellant,
v.
TUCKER CONSTRUCTION & ENGINEERING, INC. and Florida Unemployment Appeals Commission, Appellees.
No. 94-02475.
District Court of Appeal of Florida, Second District.
April 5, 1995.
Nora Leto of Florida Rural Legal Services, Inc., Lakeland, for appellant.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Com'n.
*500 WHATLEY, Judge.
The appellant, Ben D. Livingston, challenges an order of the Unemployment Appeals Commission (UAC), reversing the appeals referee's finding that he was entitled to receive unemployment compensation benefits. Livingston contends the UAC improperly substituted its findings for those of the referee. We agree and reverse.
Livingston was employed by Tucker Construction and Engineering, Inc. (the employer), as a laborer. In February 1994, while on an out-of-town job, Livingston was discharged from his employment when he failed to report for work after being arrested for drunk and disorderly conduct  a criminal offense for which he entered a plea of no contest. Thereafter, when a claims examiner denied his initial request for unemployment compensation benefits, Livingston appealed to a referee. The appeals referee rendered a decision in favor of Livingston. The UAC, however, reversed that decision, and Livingston filed this appeal.
At the hearing before the appeals referee, the employer claimed Livingston had a history of absenteeism resulting from excessive alcohol consumption and other personal problems. The employer further claimed that because of his history, Livingston had been warned not to consume any alcohol while on an out-of-town job. Livingston, on the other hand, asserted he had no history of absenteeism and that he had never been warned to refrain from consuming alcohol during off-duty hours while out of town.
At the close of the hearing, the appeals referee stated that Livingston was more credible than the employer. For that reason, the referee specifically rejected the employer's version of the facts and made findings consistent with Livingston's testimony. Based on those findings, the referee determined that Livingston's conduct under the circumstances was not "so egregious as to amount to misconduct in connection with work."
On the employer's administrative appeal, the UAC determined that the referee's decision was unsupported by the record. Specifically, the UAC determined that, pursuant to Hillsborough County Department of Emergency Medical Services v. UAC, 433 So.2d 24 (Fla. 2d DCA 1983), Livingston's "inability to report for work due to incarceration [was] a foreseeable consequence of his actions when [he] ... pled ... no contest [to the charges against him] in a court of law." The UAC concluded that "[u]nder such circumstances, the claimant was discharged for misconduct connected with work within the meaning of the law."
In determining whether a claimant is disqualified from unemployment compensation benefits for misconduct in connection with work, section 443.036(26), Florida Statutes (1993), the statute defining such misconduct, must be liberally construed in favor of the claimant. Gulf County School Board v. Washington, 567 So.2d 420 (Fla. 1990); Doyle v. Florida Unemployment Appeals Commission, 635 So.2d 1028 (Fla. 2d DCA 1994); Shacklett v. Florida Unemployment Appeals Commission, 460 So.2d 557 (Fla. 2d DCA 1984). A finding of misconduct based on the statute must be supported by substantial, competent record evidence. Doyle; Simmons v. Kalin, 627 So.2d 1175 (Fla. 2d DCA 1993); Shacklett. The burden of proving misconduct in connection with work is on the employer. Doyle, 635 So.2d at 1031. In establishing misconduct, "the employer must show more than an employee's inefficiency, unsatisfactory conduct, or failure to perform in the work-place." Id. Misconduct serious enough to warrant the discharge of an employee is not necessarily serious enough to warrant a denial of benefits. Id.
Had the employer's version of the facts been accepted by the referee in this instance, Livingston could have been disqualified from benefits on the basis that "[c]ontinued absenteeism caused by personal problems for which an employee bears culpability amounts to misconduct [in connection with work] per se." Hillsborough County, 433 So.2d at 25. The appeals referee, however, completely rejected the employer's version of events, finding there was no pattern of continued absenteeism whatsoever. Therefore, the fact that Livingston pled no contest to the charge of drunk and disorderly conduct was, without more, insufficient to disqualify *501 him from eligibility for unemployment benefits.
A UAC order "can only be set aside upon a finding that the order is not supported by substantial, competent evidence." Simmons, 627 So.2d at 1176. The facts as determined by the appeals referee in this instance, do not support the UAC's conclusion that Livingston was guilty of misconduct in connection with work as a matter of law.
Based on the foregoing, we reverse the order appealed from and remand the cause to the UAC with directions to enter an appropriate order qualifying Livingston for receipt of unemployment compensation benefits.
Accordingly, the instant case is reversed and remanded.
DANAHY, A.C.J., and CAMPBELL, J., concur.