SCHWARTZ, Chief Judge.
Velilla left his employment as a restaurant busser after a conversation with a labor “counselor” for his employer. Velilla testified that the counselor fired him. Another employee stated that she had been told by the counselor that Velilla quit. The counsel- or did not testify. Nonetheless, the appeals referee found that the appellant had “voluntarily quit his position” and the unemployment appeals commission affirmed the denial of benefits on that ground.
Because it is based upon pure hearsay which is directly contrary to the only direct testimony on the point, the factual conclusion that the appellant voluntarily left his employment and was therefore ineligible for unemployment compensation benefits cannot stand. Spicer v. Metro. Dade County, 458 So.2d 792 (Fla. 3d DCA 1984), and cases cited; Campbell v. Cent. Fla. Zoological Soc’y, 432 So.2d 684 (Fla. 5th DCA 1983); City of Fort Lauderdale v. Florida Unemployment Appeals Comm’n, 536 So.2d 1074 (Fla. 4th DCA 1988). On this record, the referee was bound to find that Velilla had been involuntarily discharged and was therefore entitled to the benefits claimed. See Gulf County Sch. Bd. v. Washington, 567 So.2d 420 (Fla.1990). Accordingly the order below is reversed with directions to grant him those benefits.
Reversed.