PER CURIAM.
Unessia S. Clark timely appeals the final order of the Florida Unemployment Appeals Commission (UAC), which reversed the appeals referee’s decision, thereby disqualifying her from payment of unemployment benefits. We reverse.
Professional Call Centers, Inc. (Pro Call), operates as a telemarketer of long distance telephone service for various telephone carriers. Appellant was employed as a senior sales representative for Pro Call since July 1997. Pro Call has a company policy which prohibits its employees from specifically telling customers that they are representatives of telephone companies. Pro Call claims that when Appellant was questioned by a customer whether she was from a particular carrier, she responded that she was a customer service representative with that carrier. Appellant was released from her employment on December 18, 1997, because of the alleged misconduct.
Appellant applied for and was denied unemployment benefits because her termination was due to alleged misconduct. She appealed that denial. The appeals referee determined that misconduct had not occurred and awarded Appellant unemployment benefits. Pro Call then appealed the referee’s decision to the UAC. The UAC reversed, holding that the referee’s findings were not based on competent, substantial evidence and, thus, disqualified Appellant from receiving benefits. Appellant timely appealed the order of the UAC to this court.
Appellant testified that on the day she was fired she told the customer exactly what she was trained by her supervisor to say. Appellant also testified that she had made statements like this in the past but was never reprimanded. Pro Call did not appear at the hearing to refute these claims, and nothing in the record on appeal contradicts Appellant’s statement.
According to section 443.101(l)(a), Florida Statutes (1997), a claimant who is discharged from work due to misconduct connected with the work is disqualified from receiving benefits. Misconduct is defined in section 443.036(26), Florida Statutes (1997), as:
(a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
The burden of proving misconduct to prevent an employee from receiving unemployment benefits is on the employer. See Livingston v. Tucker Const. & Eng’g, Inc., 656 So.2d 499 (Fla. 2d DCA 1995). When determining whether misconduct has occurred, the statute should be liberally construed in favor of a claimant. See Betancourt v. Sun Bank Miami, 672 So.2d 37 (Fla. 3d DCA 1996). Misconduct usually consists of repeated instances in the face of warnings; whereas, isolated acts of poor judgment do not amount to misconduct. See Grossman v. J.C. Penney Co. 2071, 689 So.2d 1206 (Fla. 3d DCA 1997).
Based on Appellant’s testimony, the appeals referee made a factual finding that the statement at issue was made in a manner consistent with what Appellant was trained to say. Therefore, the appeals referee found that Appellant’s statement did not rise to the level of misconduct.
The UAC determined that Appellant’s testimony established that she was taught by her superiors only to imply she was with telephone carrier companies. The UAC concluded that Appellant’s response to the customer actually “expressed clearly” that she was with such a carrier. Because of this distinction, the UAC found *97 that the referee’s findings were not based on competent, substantial evidence.
The UAC improperly reweighed the factual issue of whether Appellant’s statements established misconduct. See Nading v. Sanibel Packing Co., 658 So.2d 1155 (Fla. 2d DCA 1995); Livingston, 656 So.2d at 501. Because there is competent, substantial evidence in t^e record to support the appeals referee’s finding that Appellant proceeded in a manner consistent with her training, the UAC could not reject these factual findings.
We, therefore, reverse.
PATTERSON, C.J., GREEN and CASANUEVA, JJ., Concur.