GREEN, Judge.
Michael G. Copple appeals from an administrative order of the Unemployment Appeals Commission reversing the referee’s award of benefits. We reverse.
Mr. Copple was employed by the U.S. Postal Service for almost ten years as a mail carrier and worked outdoors. The U.S. Postal Service provided four types of *923 hats for its postal workers. Mr. Copple found that none sufficiently protected his sensitive skin. He therefore began wearing a wide-brim straw hat when he was working in the direct sun. Mr. Copple provided the employer with medical statements from two doctors indicating they understood his employment and physical circumstances and specifically recommended that he wear a broader brimmed hat. In one of the medical statements, the doctor stated:
ASSESSMENT AND PLAN:
Photosensitivity:
I agree with the patient that the broader brimmed hat offers him better sun-protection. I would recommend it over the smaller brimmed hat which offers less protection. Further he is very fair-skinned and burns easily and has a history of sun-induced rashes. For these reasons the broader brimmed hát is a better choice for him.
Despite this medical documentation, the U.S. Postal Service terminated Mr. Copple for wearing the unapproved hat.
Mr. Copple failed to ask, by departmental formal proceeding, for relief such as an exception to the hat requirement or a work position with less sun exposure. On the other hand, the record does not reflect that the employer advanced any suggestion for amelioration of the problem. Although the U.S. Postal Service’s order appears reasonable based on its dress code policy, Mr. Copple has a medical condition which requires more than a unilateral directive for him to cease wearing a no-nregulation hat.
The burden of proving misconduct in connection with work is on the employer. See Livingston v. Tucker Constr. & Eng’g, Inc., 656 So.2d 499 (Fla. 2d DCA 1995). In determining whether a claimant is disqualified from receiving unemployment compensation benefits 1 for misconduct in connection with work, the statute defining such misconduct “must be liberally construed in favor of the claimant.” Id. at 500.
Section 443.101(l)(a), Florida Statutes (2000), provides, in pertinent part, that an individual will be disqualified for unemployment benefits where the individual “has been discharged by his or her employing unit for misconduct connected with his or her work.” Misconduct sufficient to warrant a denial of benefits includes conduct which evinces a wilful or wanton disregard of the employer’s interest or disregard of standards of behavior which the employer has the right to expect from an employee. See § 443.036(29), Fla. Stat. (2000).
The U.S. Postal Service argues that Mr. Copple’s behavior was very similar to that of the claimants in City of Riviera Beach v. Florida Department of Commerce, 372 So.2d 1007 (Fla. 4th DCA 1979), and Citrus Central v. Detwiler, 368 So.2d 81 (Fla. 4th DCA 1979). In City of Riviera Beach and Detwiler, the claimants disobeyed a direct order of the employer which constituted misconduct at work. However, the instant case differs factually. Although Mr. Copple disobeyed a direct order, he did so for reasons related to his health and safety.
In Chery v. Flagship Airlines, Inc., 692 So.2d 213, 214 (Fla. 3d DCA 1997) (citations omitted), the Third District explained that
[i]n order for a claimant to be disqualified from receiving unemployment benefits for refusing to follow his employer’s order, the order must be valid. Moreover, “the supervisor’s order must be reasonable in order for the employee to be held accountable for the refusal.... [Although the ■ employer’s order may be reasonable, if the' employee reasonably *924 refuses to perform the required act, the employee is still eligible for unemployment compensation.”
(Quoting Pascarelli v. Unemployment Appeals Comm’n, 664 So.2d 1089, 1093 (Fla. 5th DCA 1995)). In Polgar v. Unemployment Appeals Commission, 664 So.2d 350 (Fla. 5th DCA 1995), the Fifth District held that an employee’s disobedience to an employer’s reasonable request will be excused if there is good cause, such as an overriding health or safety concern.
This court recently recognized that, “[i]n accordance with the remedial nature of the unemployment compensation law, courts must narrowly apply the disqualification provisions, and must liberally construe the statute in favor of the claimant when determining whether a claimant’s actions constitute misconduct.” Frazier v. Home Shopping Club, LP, 784 So.2d 1190, 1191 (Fla. 2d DCA 2001). We therefore reverse the commission’s order denying relief and reinstate the referee’s order granting unemployment compensation.
Reversed and remanded.
BLUE, C.J., and SILBERMAN, J., Concur.