STRINGER, Judge.
We reverse the denial of Cheryl Smith’s unemployment benefits because the appeal referee’s finding in the recommended order that she was terminated for misconduct was not supported by competent, substantial evidence.
Smith commenced employment with Mease Manor, Inc., as a certified nursing assistant on November 16, 2000, and satisfactorily performed her duties at the assisted living facility until August 2003. On August 1, 2003, Smith was responsible for the well-being of a hospice patient suffering from congestive heart failure. She observed that the patient was very anxious, unable to sit still, and had become short of breath. Concerned, Smith sought a licensed practical nurse (“LPN”) to administer the patient’s prescribed anti-anxiety medication, Xanax. Indicating that the patient’s blood pressure was too low, the LPN did not administer the medication. The patient asked for her pills several times before she died.
Smith expressed her lack of understanding about why something could not have been done for the patient. Over the next several Mays Smith spoke to nurses in the staff lunchroom and received responses that the patient could have been administered Xanax, Smith believed that the patient died in agony and that something could have been done to allow her to die peacefully.
About a week later the Director of Nursing heard a rumor that the LPN had allowed the patient to die in agony and traced the rumor to its source. The Administrator testified that Smith admitted making the statements and expressed her concern about the incident.
Mease Manor discharged Smith on August 15, 2003, for spreading rumors about how a LPN handled the patient’s death. It contended that Smith’s statements violated the employer’s Code of Ethics and HIPAA regulations.
*652 Smith explained at the evidentiary hearing that she discussed with other nurses her misunderstanding about the refusal to medicate the patient. After her unit manager returned from vacation a week later, she reported the incident to her.
The referee made findings that Smith’s comments to her coworkers and unit manager that the LPN had allowed the patient to die in agony violated the employer’s Code of Ethics and HIPAA regulations. The referee concluded that Smith’s conduct instigated conflict on the job and spread disinformation that violated the employer’s rules and regulations. Further, Smith’s actions demonstrated a violation of a standard of behavior the employer had a right to expect and showed an intentional disregard of Smith’s duties and obligations to the employer. Thus the employer discharged Smith for misconduct connected with work, and she was not entitled to unemployment benefits.
Section 443.036(29), Florida Statutes (2003), defines “misconduct” as:
“Misconduct” includes, but is not limited to, the following, which may not be construed in pari materia with each other: (a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee; or (b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
We cannot overturn the decision unless we determine there is a lack of competent, substantial evidence in the record to support its action. § 120.68(7)(b), Fla. Stat. (2003); Doyle v. Fla. Unemployment Appeals Comm’n, 635 So.2d 1028, 1030 (Fla. 2d DCA 1994). It is well established that the unemployment statute must be interpreted liberally in favor of an employee, and its disqualifying provisions construed narrowly in determining whether an employee has exhibited work-related misconduct sufficient to support a denial of unemployment compensation benefits. Frazier v. Home Shopping Club LP, 784 So.2d 1190, 1191 (Fla. 2d DCA 2001); Doyle, 635 So.2d at 1030-31.
The employer has the burden of proving misconduct on the part of the employee. Id. However, even if the misconduct is serious enough to warrant discharge of the employee, it may not be sufficient to support the denial of unemployment compensation benefits. Barchoff v. Shells of St. Pete Beach, Inc., 787 So.2d 935, 936 (Fla. 2d DCA 2001). Isolated acts of poor judgment do not amount to misconduct. Clark v. Prof'l Call Ctrs., Inc., 743 So.2d 95 (Fla. 2d DCA 1999).
Smith argues that the evidence was based exclusively on hearsay, but we determine that her admission to the Administrator was properly admitted under section 90.803(18), Florida Statutes (2003). See Doyle, 635 So.2d at 1032. Accepting, however, that she made the statements to her nursing coworkers, we are not persuaded that this incident alone merits a denial of unemployment benefits. Smith’s immediate supervisor was on vacation when the incident occurred.- Thus she made inquiries of coworkers concerning the standard of care for this patient. Her concerns and comments expressed to coworkers do not transgress the employer’s concern that staff not discuss an individual’s care with others not involved. One could view her concern and questions for a dying patient’s care as commendable.
*653 Interpreting the statute liberally, as we must, and its disqualifying provisions narrowly, we conclude that the referee’s recommended order is not supported by competent, substantial evidence of Smith’s alleged misconduct. We therefore reverse the Commission’s order and remand for entry of an order authorizing Smith to receive unemployment compensation benefits.
SILBERMAN and WALLACE, JJ., concur.